# Commonwealth *v.* Charles O. Kaiser, Jr., Appellant.

*Criminal law—Murder—Locus in quo—Effect of verdict—Judicial notice*

Where an indictment charges murder in a particular county, a verdict of guilty includes a finding that the murder was committed in the county named in the indictment.

Where on the trial of an indictment for murder there is evidence that the murder was committed in a particular township, the trial court on a motion in arrest of judgment, and the Supreme Court, on appeal, are entitled to take judicial notice that the township named in the evidence was in the county named in the indictment.

On the trial of an indictment for murder, the locality of the crime is technically at issue, and some evidence of it should be adduced, but where it is not really disputed, it is not material that the court should specifically call the attention of the jury to the question.

184    493
23 SC ⁶194

184    493
209    ⁴204
184    493
210    ⁶612
27 SC ⁶110
184    493
36 SC ⁴369

*Jury trials—Charge of court—Practice.*

The jurors' minds should not be loaded with references to undisputed matters, though technically material. Technical rules of evidence and procedure meant for safeguards of the innocent must be observed but they must not be perverted into devices to defeat justice.

*Criminal law—Murder—Conspiracy—Accomplices.*

On the trial of an indictment for murder the commonwealth alleged a conspiracy between the prisoner, and one C. to commit the murder. The prisoner alleged that the murder was committed by a highwayman to him unknown. The trial judge held the proof of conspiracy insufficient, but admitted evidence of the presence of C. as an accomplice. *Held,* that there was no error in the admission of the evidence.

*Criminal law—Murder—Charge of court—Evidence.*

The trial judge is not required to go over all the evidence on any particular point every time he refers to the point in the course of his charge. It is enough if he gives to the jury a general review of the evidence on the one side and the other, which fairly and adequately presents the respective contentions of the parties, with enough reference to the items of evidence to assist the jury in recalling it as a substantial whole, and to appreciate its bearing.

Argued Jan. 3, 1898. Appeal, No. 285, Jan. T., 1898, by defendant, from judgment of O. & T. Montgomery Co., on verdict of guilty of murder in the first degree. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Indictment for murder. Before SWARTZ, P. J.

From the record it appeared that the prisoner was indicted for the murder of his wife, Emma P. Kaiser.

The indictment was as follows:

"*In the Court of Oyer and Terminer and General Jail Delivery in and for the County of Montgomery. December Term,* 1896.

"MONTGOMERY COUNTY, ss:

"The grand inquest of the commonwealth of Pennsylvania, inquiring for the county of Montgomery upon their respective oaths and affirmations do present that Charles O. Kaiser, Jr., late of the said county, yeoman, on the twenty-eighth day of October, in the year of our Lord one thousand eight hundred and ninety-six, with force and arms, &c., at the county aforesaid and within the jurisdiction of this court, in and upon the

body of one Emma P. Kaiser in the peace of God and the said commonwealth then and there being, feloniously, wilfully and of his malice aforethought, did make an assault, and her the said Emma P. Kaiser then and there feloniously, wilfully and of his malice aforethought, did kill and murder, contrary to the form of the act of the general assembly in such case made and provided and against the peace and dignity of the commonwealth of Pennsylvania.

                              "Jacob A. Strassburger,
                                        "District Attorney."

At the trial the commonwealth alleged conspiracy between the defendant and James A. Clemmer to commit the murder for the purpose of recovering insurance upon the life of Mrs. Kaiser. The defendant alleged that the murder was committed by a highwayman, to the defendant unknown. The trial judge held that the evidence was insufficient to establish conspiracy, but permitted witnesses to give testimony of the presence and identity of Clemmer as an accomplice. [5–9]

Verdict of guilty of murder in the first degree, upon which the defendant was sentenced.

*Errors assigned* among others were (1–4) in refusing to arrest judgment on the ground that the commonwealth failed to establish that the corpus delicti took place in Montgomery county; (5–9) admission of evidence relating to the presence and identification of Clemmer; (10–17) instructions relating to the presence and identification of Clemmer; (18–28) various omissions of court in not calling the attention of the jury to particular items of testimony; (29) that the charge as a whole was argumentative and inadequately presented the prisoner's defense.

*N. H. Larzelere* and *Geo. Bradford Carr*, with them *Henry M. Brownback* and *Muscoe M. Gibson*, for appellant.—Affirmative proof of the venue is as essential as the proof that a crime had been committed: 1 Bishop on Criminal Procedure, chap. 76, sec. 1107; Field v. State, 34 Texas, 39; 1 Roscoe's Criminal Evidence, 358; Hilland v. Com., 1 Pa. C. C. R. 532; Com. v. McManiman, 15 Pa. C. C. R. 495; State v. Hopper, 4 West.

Rep. 276; Dougherty v. People, 6 West. Rep. 96; Crawford v. State, 5 S. W. Rep. 130.

It has been said that the court may take judicial notice of the location of a town or county, and in denial of that proposition we cite the case of State v. Quaite, 3 West. Rep. 275.

It is an anomaly to consider the accomplice under any other legal rule than that governing conspirators: Wharton on Crim. Ev., sec. 440; Cross v. People, 95 Am. Dec. 474; Reg. v. Farler, 8 C. & P. 106; State v. Odell, 8 Oregon, 30; Douglass v. Mitchell, 35 Pa. 440; Welsh v. R. R., 181 Pa. 461; Com. v. Knapp, 9 Pick. 516; Poff v. Com., 25 S. W. Rep. 883; Hicks v. United States, 150 U. S. 442.

The charge was inadequate: Com. v. Pipes, 158 Pa. 25; Com. v. Silcox, 161 Pa. 484; Goersen v. Com., 99 Pa. 400; Hicks v. United States, 150 U. S. Rep. 450.

*J. A. Strassburger*, district attorney, and *James B. Holland*, for appellee.—The county court will take judicial notice that a certain township is within the county, for the purpose of determining the venue of a misdemeanor as laid in the information: Pearce v. Langfit, 101 Pa. 512; Cornshock v. People, 56 Ill. App. 467.

The venue may be proved directly or by indirect evidence: Harlan v. State, 33 N. E. Rep. 1102; State v. Farley, 53 N. W. Rep. 1089; Sullivan v. People, 114 Ill. 24; Abrigo v. State, 15 S. W. Rep. 408; State v. Snyder, 44 Mo. App. 429; State v. Sanders, 17 S. W. Rep. 223; People v. McGreggor, 26 Pac. Rep. 97; Hays v. Com., 14 S. W. Rep. 833; State v. Cantieny, 34 Minn. 1; State v. Grear, 29 Minn. 221; Duncan v. State, 10 So. Rep. 815; Weinecke v. State, 51 N. W. Rep. 307; Warrace v. State, 8 So. Rep. 748; Monford v. State, 33 S. W. Rep. 351.

The court will take judicial notice of the boundaries of an incorporated city: DeBaker v. Southern Cal. Ry., 39 Pac. 610; Huston v. People, 53 Ill. App. 501; State v. Pennington, 124 Mo. 388.

Courts take judicial notice of the county seat of a county: People v. Faust, 45 Pac. Rep. 261; Hambel v. Davis, 34 S. W. Rep. 439; Whitner v. Belknap, 34 S. W. Rep. 594; State v. Pennington, 124 Mo. 388.

All the facts which constitute a part of the res gestæ may be

given in evidence: Hollinshead v. Allen, 17 Pa. 283; Rinesmith v. Ry., 90 Pa. 262.

Where there is any evidence which alone would justify an inference of a disputed fact it must go to a jury: Howard Ex. Co. v. Wile, 64 Pa. 201; Coal Co. v. Evans, 176 Pa. 28; Wharton's Crim. Pl. & Pr., sec. 813.

OPINION BY MR. JUSTICE MITCHELL, February 7, 1898:

The record in this case presents twenty-nine assignments of error, occupying thirty-six printed pages, but they may be considered in three groups, and without being rehearsed in detail. All of them are without merit, technical or substantial, in law or in fact.

The first five are to the alleged failure of the commonwealth to prove the commission of the murder in the county of Montgomery, and the refusal of the court to arrest judgment on that ground. It is not worth while to discuss the effect of a failure of the record to show a finding by the jury on the locality of the murder, for their verdict includes such finding. The indictment charges murder in the county of Montgomery, and the verdict of guilty necessarily means guilty in manner and form as indicted. It is not usual or necessary to write out or enter on the record the' form in full, but it is always understood and implied in the verdict of guilty. It is as much a part of the verdict in murder as in other crimes, and the fact that the jury in such case have the additional duty under the statute of fixing the degree does not change the effect of the verdict, but merely leaves it incomplete until the degree is added.

Passing now to the evidence, there was competent proof that the place of the murder was in Montgomery county and within the jurisdiction of the court, which is the essential feature of the requirement. The witness Kuhlman, in replying to a question as to his recollection assented to the locality as Montgomery county; and two others, Joseph Detterline and Joseph Beaumont, testified to the place as in upper Merion township, while others, though not so explicitly mentioning Upper Merion, described the locality so that there could be no doubt of its identity with that testified to by Detterline and Beaumont. This was ample. The court, on the motion in arrest of judgment, and this court now, are entitled to take

judicial notice of the fact that Upper Merion township is in Montgomery county. For all technical purposes this was sufficient, and the locality was only in issue technically. As part of the commonwealth's case it was requisite that some evidence of it should be given in the case, but it was never really disputed, and very slight evidence was enough. For the same reason it was not material that the court should specifically call the attention of the jury to the point. To load the juror's minds with reference to undisputed matters, which though technically material have no practical bearing on the juror's duties, would only tend to distract their attention from the matters really essential for them to consider and determine. This court recognizes, and always will fully recognize, the importance of preserving the technical rules of evidence and of legal procedure. They are the safeguards which the law has placed around the innocent, and the court will not be indulgent to a disregard of them or even to loose practice where it imperils substantial rights. But on the other hand such safeguards will not be allowed to be perverted into devices to defeat justice, and this court has set its face resolutely against trifling objections that raise no point of any real bearing on the fact of guilt or innocence. As said by the present Chief Justice in Com. v. Jongrass, 181 Pa. 172, "subtile distinctions that mark no substantial differences, and that do not affect the merits of a controversy unless it may be to obscure or defeat them, should not be allowed to thwart justice in the interests of disorder and crime."

The next five assignments of error are to the admission of evidence tending to identify Clemmer, under another name, as the man charged with participation in the murder. The commonwealth alleged a conspiracy between the prisoner and Clemmer to commit the murder. The prisoner alleged murder by a highwayman, a stranger. The learned judge at the trial held the proof of conspiracy insufficient, but admitted evidence tending to identify the other man seen by witnesses near the place and time of the murder. The evidence objected to was all competent for that purpose, and was carefully confined to it.

The next eight assignments are to the charge and answers to points on the same subject. As already said, both sides asserted the presence of one if not two other men besides the prisoner at

the commission of the crime.   The commonwealth claimed a conspiracy, but the court held the evidence insufficient to sustain that contention, but admitted evidence of the presence and identification of accomplices.   The question of accomplices and what they did is a different one from conspiracy, but the two issues run closely together in the mode of proof and the evidence to establish them.   Of course there cannot be conspiracy carried into execution without participation of several, either as principals or accomplices, but there may be accomplices without previous conspiracy.   The learned judge admitted evidence on the presence and identification of accomplices, and presented it to the jury on that view only, keeping the distinction as to conspiracy clearly marked, and excluding all evidence of acts or declarations of the other parties not relevant to their identification.   His charge and answers to the points now complained of were a fair presentation of the evidence and its bearing on the issue, and we find no error in them.

The remaining points relate to the charge in connection with the prisoner's own testimony.   This was fairly presented to the jury with a strong charge that unless the commonwealth had overcome it, had " shown that it cannot be credited," there could be no conviction.   The evidence sustaining or opposing the prisoner's statement was then reviewed correctly and fairly, though in general terms.   It is complained that here and there items that bore in favor of the prisoner were not specially mentioned.   It is probable that the commonwealth might make the same complaint.   It is not possible nor even desirable that the judge should refer to and emphasize every item of evidence on both sides in a way that the counsel would consider adequate. In doing so he would run much risk of coming to speak as an advocate rather than a judge.   Nor is he required to go over all the evidence on any particular point every time he refers to the point in the course of his charge.   It is enough if he gives to the jury a general review of the evidence on the one side and the other, which fairly and adequately presents the respective contentions of the parties, with enough reference to the items of evidence to assist the jury in recalling it as a substantial whole, and to appreciate its bearing.   The charge of the learned judge in this case comes fully up to this standard.

The case was tried with great patience, care and impartiality, and none of the alleged errors can be sustained.

Judgment affirmed and record remitted for purpose of execution.