## Joseph McCabe *v.* City of Philadelphia, Appellant. John Ellis *v.* City of Philadelphia, Appellant.

*Charge of court—Inadequate presentation—Review of testimony—Reversible error.*

Where facts are reviewed there should be such a presentation of them as will give the jury a fair and adequate understanding of both sides of the case.

Where the emphasis in the charge was decidedly upon the plaintiffs' side of the case, while that of the defendant was minimized if not ignored, it is not such a presentation of the case to the jury as the defendant was entitled to.

Argued Oct. 3, 1899. Appeals, Nos. 24 and 25, Oct. T., 1899, by defendant, from judgments of C. P. No. 4, Phila. Co., March T., 1897. Nos. 790 and 791, on verdicts for plaintiffs. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and BEEBER, JJ. Reversed. Opinion by BEAVER, J.

Trespass. Before WILLSON, J.

It appears from the record that these two actions were tried together by agreement of all parties. Both arose out of the overturning of a carriage and the running away of a pair of horses.

Joseph McCabe, who was plaintiff in No. 24, was the driver of the carriage, and John Ellis, plaintiff in No. 25, was the owner of the horses and of the vehicle itself.

It appears from the evidence that on the night in question there was a pile of mixed snow and dirt on the east side of Twelfth street, between Montgomery and Columbia avenues. Its height was variously estimated at from two to three feet. It was contended on the part of the plaintiffs that the overturning of the carriage and the fright of the horses were due to the contact of the wheels of the carriage on the east side with this obstruction. On the part of defendant it was claimed that the pile of ice and snow did not cause the accident.

The court charged the jury, inter alia, as follows:

[The first question in this class of cases always is, was there negligence? If there was no negligence that is the end of the case, and the defendant would be entitled to a verdict. What is your opinion of it? It is expressly conceded by the counsel of the city that to leave such a pile of dirt or snow and ice as any of the witnesses have described, for a period of time such as has been alleged to have been the case, was negligence. There is no doubt about it. It was inexcusable negligence. The city has enough employees, policemen and others, when obstructions exist in the street, to have notice given, and they should remove in a reasonable time any obstruction which amounts to a menace to the safety of those who are on the streets. There is no excuse for leaving obstructions in the streets after a reasonable time has elapsed for them to be removed.] [2] If, in consequence of that being there, this injury occurred without fault on the part of the driver, then the city is responsible. [Upon the evidence in this case I do not hesitate to say to you that it is my opinion that the city is responsible, in the view I take of the evidence. I do not see how any other reasonable conclusion can be drawn from it. You have positive evidence that this carriage was driven up upon that bank, that it was overturned, the driver was thrown off, the horses ran away, and that the carriage was injured. You have positive evidence upon that point. You have evidence to the effect that at a considerable distance in advance of that point there was an obstruction in the street and a warning in the way of a red

light, but at this point there was no red light.    The driver was
driving after midnight.    I do not see anything in the case which
would justify you in coming to the conclusion that it was care-
lessness on his part to drive upon that obstruction.    If you think
there was he ought not to recover, nor ought Mr. Ellis to re-
cover, but that is not my view of the case.    You, however,
are bound under your oaths to base your verdict upon the evi-
dence.    It is said there was a tree box that was found broken
next morning which was not broken the day before.    Is there
any evidence that this wagon came in contact with it?    Is there
any evidence from which, in the face of the positive evidence
of the witnesses as to the manner in which the accident oc-
curred, you could say properly that you ought to infer, or would
have the right to infer, that the fracture of the tree box was
owing to a collision with this particular carriage?    I do not
think that to be a reasonable view to take of the case.    Besides
that, you have the positive evidence of the gentleman who was
in the carriage that about the time the carriage was overturned,
as he says, by reason of this obstruction in the street, it had not
struck any tree box.    It was not, however, the city's intentional
fault by which the accident occurred.    It was the city's misfor-
tune, taking everything into consideration, in my judgment.    Of
course, the city cannot build up a case any stronger than the
facts justify, and if there is no sufficient excuse to give or any
explanation to make, it cannot be helped.    I do not hesitate to
say to you upon this evidence, I do not see how you could fail
to come to a conclusion, as reasonable men, but that the plain-
tiff in each case is entitled to a verdict.] [1]

Verdict and judgment for plaintiff, Joseph McCabe, for
$85.00 and verdict and judgment for plaintiff, John Ellis, for
$371.35.    Defendant appealed.

*Errors assigned* were (1, 2) to portions of the judge's charge,
reciting same.

*E. Spencer Miller*, assistant city solicitor, with him *John L.
Kinsey*, city solicitor, for appellant.—The question raised in this
case is a very narrow one.    It does not call for, or justify, a long
argument.    The court below assumed to pass upon the vital

question of fact, namely, whether the city was guilty of a negligence which was the proximate cause of the accident.

It is hardly necessary to dilate upon the question that the court's language did take this subject from the jury.

We submit that these were questions for the jury. It can rarely occur, we take it, that the court is justified in declaring that negligence has been committed and that such negligence is the proximate cause of the injury suffered. Certainly, under the circumstances which the evidence in the present cases discloses, the like action by the court was an invasion of the jury's province.

In closing we emphasize the dominating element of fact in the cause, on our side of this controversy, upon the evidence.

While the testimony on the side of plaintiffs was distinct that the obstruction which upset the vehicle was the initial abnormal disturbance of its progress, the city showed by the most satisfactory proof that the tree box was broken by the vehicle in question before the latter had got as far north as the snow pile.

*F. J. Lambert*, for appellees, submitted no paper-book.

OPINION BY BEAVER, J., January 17, 1900.

These cases were tried together before the same jury in the court below and were argued together here as a single case. They depend upon the same facts, and specifications of error are assigned as of a single case. We therefore, consider them together.

The assignments of error relate solely to the charge of the court below and, although two in number, the burden of the complaint is that the cases were practically taken from the jury.

Two principal questions were involved. Was the defendant negligent? Was its negligence the proximate cause of the accident? These facts were practically assumed by the court below and the jury charged in regard thereto as if the evidence was uncontradicted. The trial judge did not give binding instructions, but it is difficult to see how the jury could have found otherwise than they did, regard being had to the instructions given them by the court. It is not necessary for a trial judge to emphasize or even to detail every fact brought out by the

testimony in the course of the trial. "It is enough if he gives to the jury a general review of the evidence on the one side and the other which fairly and adequately presents the respective contentions of the parties with enough reference to the items of evidence to assist the jury in recalling it as a substantial whole and to appreciate its bearing:" Com. v. Kaiser, 184 Pa. 493. But when facts are reviewed there should be such a presentation of them as will give to the jury a fair and adequate understanding of both sides of the case. The charge under review does not measure up to the standard here laid down.

As to the question of negligence it is said in the charge, "It is expressly conceded by the counsel for the city that to leave such a pile of dirt or snow and ice as any of the witnesses have described for a period of time such as has been alleged to have been the case was negligence. There is no doubt about it. It was inexcusable negligence;" and yet one of the witnesses for the defendant, a policeman on duty in that locality, in answer to a question asked by the counsel for the plaintiff, "Q. You had seen that the tree boxes were perfect but you had not seen this obstruction two and a half feet high was in the street?" said, "A. This was not an obstruction nor was it two feet and a half high." There is other evidence in the case, including the photograph, which, although not taken until after the accident and after the alleged obstruction had been scattered over the street—and, therefore, of less value than if taken previously—which should have been called to the attention of the jury, as tending to contradict the testimony of the plaintiff in regard to the alleged obstruction.

As to the proximate cause of the accident, the broken tree box, the condition of the driver at the time of and immediately following the accident, the sudden turn of the horses across the street and the fact that the carriage was apparently not overturned, as was assumed by the trial judge in the charge to the jury, were all for the consideration of the jury, and, if called to their attention, might possibly have led to a different verdict which could have been sustained under all the evidence.

Without going into an analysis of all the testimony, which we have carefully examined, it is sufficient to say that the emphasis in the charge was decidedly upon the plaintiff's side of

the case, while that of the defendant was minimized, if not ignored.  This, under all the authorities, was not such a presentation of the case to the jury as the defendant was entitled to and constitutes error.

Judgment reversed and a new venire awarded in each case.