# Commonwealth *v.* Collins, Appellant.

*Constitutional law—Criminal law—Murder—Jury—Vicinage—Declaration of rights—Trial by jury—Words and phrases—Vicinity—County—Penal Code of March 31, 1860, P. L. 427, section 48.*

1. Section 6 of the Declaration of Rights of the Constitution of 1874, which provides that "trial by jury shall be as heretofore, and

the right thereof remain inviolate," and section 9 which provides that "in all criminal prosecutions the accused hath a right to......  a speedy public trial by an impartial jury of the vicinage," are reënactments of similar provisions of the Constitution of 1790 and 1838, and mean that a jury shall continue to be the tribunal for the determination of all questions of fact in controversies between individuals and in actions and prosecutions brought by the Commonwealth, the substantial feature being that the jury shall consist of twelve good and lawful men whose verdict shall be unanimous.

2. The primary and literal meaning of vicinage is neighborhood or vicinity.

3. A county is a definite subdivision of the State, for political or administrative purposes, having fixed boundaries as established by the legislature, and what is embraced within it cannot be a matter of doubt or uncertainty. In this respect its meaning is vitally different from that of vicinity.

4. Section 48 of the Penal Code of March 31, 1860, P. L. 427, which provides that a felony or misdemeanor committed on the boundaries of two or more counties, or within 500 yards of such boundaries, may be tried and punished in the county within which it shall be alleged to have been committed, as if actually committed there, does not violate sections 6 and 9 of the Declaration of Rights as denying to a defendant the right to trial by jurors summoned from the vicinage. The act extends to all offenses committed within 500 yards of the boundary line between counties, and makes no exception where the exact locus of the crime is known.

5. The word "vicinage" as used in section 9 of the Declaration of Rights cannot be read as meaning "county."

6. Under the Act of 1860, section 48, a part of each county, i. e. a strip of 500 yards, becomes a part of the vicinage or neighborhood in which the crime was committed, and the State may prosecute and try the offender in either county. When the election is made the jurors are summoned from the county in which the offender is tried, for it is of the vicinage as definitely fixed by the legislature.

Submitted April 12, 1920. Appeal, No. 340, Jan. T., 1919, by defendant, from judgment of O. and T. Adams Co., Jan. T., 1919, No. 7, on verdict of guilty of murder of the first degree in case of Commonwealth v. Clarence R. Collins. Before BROWN, C. J., STEWART, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Indictment for murder.  Before McPherson, P. J.

The opinion of the Supreme Court states the facts.

The jury returned a verdict of guilty of murder of the first degree, on which judgment of sentence was passed. Defendant appealed.

*Error assigned,* inter alia, was refusing binding instructions for defendant, quoting the record.

*John D. Keith, G. J. Benner* and *William Hersh,* for appellant.—Section 48 of the Criminal Code of March 31, 1860, even if constitutional, applies only in cases where there is uncertainty or difficulty in establishing by proof on which side of the boundary line between two or more counties, a crime was committed: Com. v. Dumbauld, 97 Pa. 293.

Section 49 of the Act of 1860, even if it were constitutional, is not applicable in a case where the place of the commission of the crime is beyond the county of indictment and trial, and such fact is definitely established by the Commonwealth.

Sections 48 and 49 of the code are unconstitutional in so far as they attempt to authorize an indictment charging an offense as having occurred in a county other than the county in which actually committed: Com. v. Kaiser, 184 Pa. 493; Com. v. Bartilson, 85 Pa. 482; Hollister v. Com., 60 Pa. 103.

If sections 48 and 49 of the Act of 1860, are construed as permitting trial upon indictment in one county for an offense definitely shown to have been committed in an adjoining county, then: Both sections violate the provisions of the present Constitution which guarantee that "trial by jury shall be as heretofore," and that an accused hath a right, in prosecutions by indictment, to a trial by a "jury of the vicinage." Both sections were unconstitutional when enacted. Hence, the court of oyer and terminer was without jurisdiction in this case: Com. v. Kaiser, 184 Pa. 493; Com. v. Bartilson, 85 Pa. 482;

Hollister v. Com., 60 Pa. 103; Swart v. Kimball, 43 Mich. 443; Watt v. People, 126 Ill. 9; People v. Powell, 87 Cal. 348; Barry v. Truax, 13 N. Dak. 131; State v. Cutshall, 110 N. C. 538; State v. Lewis, 142 N. C. 626.

*J. Donald Swope* and *Raymond F. Topper,* District Attorney, for appellee.—There is abundant judicial expression by the appellate courts of many of our states that the word vicinage means vicinity and neighborhood, and that it does not mean county: State v. Lowe, 21 West Virginia 782; State v. Montgomery, 115 La. 155; State v. Lewis, 142 N. C. 626; Com. v. Costley, 118 Mass. 25.

OPINION BY MR. CHIEF JUSTICE BROWN, June 26, 1920:

The murder of which the appellant was convicted in the Court of Oyer and Terminer of Adams County was committed in the County of Cumberland, at a point approximately six hundred and forty-four feet from the line dividing the two counties. He was indicted and tried in the former county, under section 48 of the Act of March 31, 1860, P. L. 427, which provides: "In order to obviate the difficulty of proof as to all offenses committed near the boundaries of counties, in any indictment for felony or misdemeanor committed on the boundary or boundaries of two or more counties, or within the distance of five hundred yards of any such boundary or boundaries, it shall be sufficient to allege that such felony or misdemeanor was committed in any of the said counties; and every such felony or misdemeanor shall and may be inquired of, tried, determined and punished in the county within which the same shall be so alleged to have been committed, in the same manner as if it had been actually committed therein."

On this appeal from the judgment pronounced against the prisoner no question is raised as to his guilt of the crime of which he stands convicted, and no complaint is made of any error committed by the learned judge be-

low in connection with the actual trial of the cause. The sole complaint is that the court was without jurisdiction to try the accused, and, in support of this, his learned counsel contend for two propositions: (1) section 48 of the penal code of 1860 is unconstitutional, and (2), even if constitutional, it does not authorize the trial of a crime outside of the county where it is committed, if the locus is actually known.

The constitutional objection to the section of the penal code under which the court below assumed jurisdiction to try the prisoner is based upon the sixth and ninth sections of the Declaration of Rights, the first being "Trial by jury shall be as heretofore, and the right thereof remain inviolate," and the second "In all criminal prosecutions the accused hath a right to......a speedy public trial by an impartial jury of the vicinage." These constitutional guaranties are reënactments of similar provisions in the Constitutions of 1790 and 1838. The provision that trial by jury shall be as heretofore and the right thereof remain inviolate has been a fundamental principle in this State from the time of Penn's charter: 1 Col. Rec. 37; it was embodied in the Constitution of 1776, and appears ipsissimis verbis in the Constitutions of 1790 and 1838. Its meaning is that a jury shall continue to be the tribunal for the determination of all questions of fact in controversies between individuals and in actions and prosecutions brought by the Commonwealth, its substantial feature being that the jury shall consist of twelve good and lawful men, whose verdict must be unanimous: Wynkoop v. Cooch, 89 Pa. 450; Smith v. Times Publishing Co., 178 Pa. 481. By such a jury the prisoner was tried, and the solemn judgment against him was pronounced upon its unanimous verdict that he was guilty of the crime for which he had been arraigned and tried. The real question is not whether the forty-eighth section of the Act of March 31, 1860, violates the constitutional provision that "trial by jury shall be as heretofore, and the right thereof

remain inviolate," but is, Were the triers of the prisoner selected from a panel of jurors summoned from the vicinage as that constitutional term is to be interpreted in limiting the territory from which they were required to come?

By the common law all offenses were inquired into and tried in the county where they were committed, and the visne or neighborhood from which a sheriff was required to return a panel of jurors was interpreted as meaning county: 4 Blackstone 350; but parliament could have changed or made exceptions to this common law rule, and the legislatures of the different states can do likewise, in the absence of constitutional limitations upon them. Prior to 1776 the provincial assembly, free from any constitutional restriction, enacted that for certain offenses committed on rivers in the province dividing counties the offenders could be prosecuted and tried in either of the counties opposite the points in the river where the offenses were committed, but this cannot now be permissible if the word vicinage, as used in section 9, article I, of the Constitution must be read as meaning county.

The primary and literal meaning of vicinage is neighborhood or vicinity, but neither of these terms definitely indicates just what territory it embraces. What to one mind might be the neighborhood or vicinity within which an act is committed, might to another be regarded as far distant from it. A county, on the other hand, is a definitely designated territory. Originally it was the domain of a count or earl, but now it is a definite subdivision of the State, for political or administrative purposes, having fixed boundaries as established by the legislature, and what is embraced within it cannot be a matter of doubt or uncertainty. In this respect its meaning is vitally different from that of vicinity. They are not equivalent terms, and, for the reason stated, cannot be so regarded: Ex parte McNeeley, 36 W. Va. 84. With the measurably vague and indefinite meaning of vicinage

as applied to the territory from which jurors are to be summoned to inquire into offenses committed along the boundary line of two counties, and with uncertainty as to which side of the line was the scene of the crime, the legislature, in the passage of the forty-eighth section of the Act of March 31, 1860, merely defined what should be regarded as the vicinage, having limits as fixed and definite as those of either of the counties. A part of each county, a strip of five hundred yards, becomes part of the vicinage or neighborhood in which the crime was committed, and the State may prosecute and try the offender in either county. When the election is made, the jurors are summoned from the county in which the offender is tried, for it is of the vicinage as definitely fixed by the legislature. That body could have declared the vicinage to be coterminus with the county, but it has not done so. On the contrary, to obviate the difficulty of proving in which of the two adjoining counties an offense is committed, the vicinage is extended for a specific space on each side of the boundary line, and there is nothing in our Constitution forbidding the legislature from so fixing it.

The question under consideration has not heretofore been before us and none of the cases cited from other jurisdictions by counsel for appellant are in conflict with the view we have just expressed, for the constitutional provisions in those jurisdictions are not identical with ours. Three or four references to them will be sufficient to show this. In West Virginia the constitutional provision is that crimes must be tried in the "county" where the offenses are committed: State v. Lowe, 21 W. Va. 782. In the State of Washington the constitutional guarantee is a trial by jury of the "county" in which the offense is alleged to have been committed: State v. Carroll, 55 Wash. 588. The constitutional provision in Tennessee, as in some of the other states, is that one accused of a crime shall have a trial "in the county or district in which the crime shall have been committed":

Armstrong v. State, 1 Coldwell 338. The Constitution of Louisiana requires that a criminal trial shall take place "in the parish where the offense was committed." A parish in that state corresponds to a county in ours, and it was of course held that a statute providing for a trial in either parish along a boundary line was unconstitutional: State v. Montgomery, 115 La. 155. If the framers of our Constitution had intended that trial of a crime should be before a jury of the county in which it was committed, they, too, would have used that definite word instead of vicinage, of indefinite meaning. In several of the cases relied upon by appellant, notably State v. Lowe, 21 W. Va. 782, there is a recognition of the authority of a legislature, under constitutional provisions similar to ours, to pass a statute similar to the forty-eighth section of our penal code. Authority for the validity of such legislation is to be found in Commonwealth v. Costley, 118 Mass. 25. The Constitution of Massachusetts declares that in criminal prosecutions, the verification of facts in the vicinity where they happen, is one of the greatest securities of life, liberty and property of citizens. In sustaining an act similar to the one now under consideration, it was said by Mr. Chief Justice GRAY: "The manifest intent and effect of this enactment are that the boundary line between two counties, and a strip one hundred rods wide on each side of that line, may be treated for the purposes of allegation, prosecution and punishment, as being in either county; or, in other words, that each county, for these purposes, may be deemed to extend one hundred rods into the county adjoining." This was followed in the later case of Commonwealth v. Matthew, 167 Mass. 173.

As to the second contention of the appellant it is sufficient to say that the statute extends to all offenses committed within five hundred yards of the boundary line between the counties, and no exception is made where the exact locus of the crime is actually known.

The assignments of error are overruled, the judgment is affirmed, and the record remitted for the purpose of execution.