**UNITED STATES of America ex rel. Michael Paul CHATARY**

**v.**

**Acting Warden Francis M. NAILON, County Prison of Montgomery County.**

**No. M–2456.**

United States District Court
E. D. Pennsylvania.

Nov. 29, 1962.

David H. Kubert, Philadelphia, Pa., for petitioner.

William C. Cahall, III, Asst. Dist. Atty. of Montgomery County, for the Commonwealth.

FREEDMAN, District Judge.

Petitioner seeks a writ of habeas corpus for his release from imprisonment following his conviction in the Court of Quarter Sessions of Montgomery County, Pennsylvania. He was convicted by a judge after waiver of jury trial and sentenced for the crime of receiving stolen goods.

Petitioner maintains that he has been deprived of his right to due process of law guaranteed by the Fifth and Fourteenth Amendments because there is no evidence in the criminal proceeding that the crime occurred in Montgomery County. He asserts that on the contrary the only evidence in the case indicates that if a crime was committed, it was in Philadelphia County. Hence he argues that the Court of Quarter Sessions of Montgomery County was without "jurisdiction" to try the case.

Petitioner had in fact been indicted on two bills charging him with burglary and larceny, as well as receiving stolen goods. The court found him not guilty of burglary and larceny. After his conviction of the charge of receiving stolen goods he filed a motion in arrest of judgment in which he raised, inter alia, the question of venue, although it had not been presented before or during the trial. Judge Honeyman, who presided at the trial, dismissed the motion in arrest of judgment in an opinion in which he stated that there were two separate bur-

glaries, one on December 2nd and the other on December 7th, 1960, and that defendant was apprehended by the Philadelphia police on December 10, 1960, when the articles stolen on the two occasions were found in the trunk of his car, which he was driving at the time. Defendant's testimony was that he had not committed either of the burglaries and that he had never seen any of the stolen articles prior to the time the police removed them from the car trunk. To support his defense he called a witness who testified that on the day before the arrest he had placed what later turned out to be the stolen articles, which he had received from his father, in the defendant's car trunk before defendant drove him home, without telling defendant about them, and had forgotten to remove them.

The trial judge did not believe the defendant's profession of ignorance regarding the stolen articles found in his possession, nor did he believe the witness called to support him, whose story the trial judge said was "fantastic". The trial judge held that evidence of recent possession of the stolen property, the fruits of two burglaries in Montgomery County, justified an inference of guilt and that the defendant, therefore, was properly convicted of receiving stolen goods and might even have been convicted of burglary, but that he had given him "the benefit of every doubt in acquitting him of the more serious charges of burglary".

Addressing himself then to the question of venue the trial judge denied the motion in arrest of judgment for two reasons: (1) Since Philadelphia and Montgomery Counties adjoin, it was reasonable for the trier of fact to conclude that possession of the stolen goods by the defendant originated in Montgomery County,[1] citing Commonwealth v. Joyce, 159

---

1. In the recent case of Thompson v. City of Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960), the Supreme Court said: "Thus we find no evidence whatever in the record to support these convictions. Just as 'Conviction upon a charge not made would be sheer denial of due process,' so is it a violation of due process to convict and punish a man without evidence of his guilt." 362 U.S. 206, 80 S.Ct. 629 (1960). See also Garner v. Louisiana, 368 U.S. 157, 82 S.Ct. 248,

Pa.Super. 45, 46 A.2d 529 (1946); and (2) in any event, since the question was not raised before the finding of guilt, the finding was conclusive that the crimes were committed where laid in the indictment, citing Commonwealth ex rel. Koffel v. Myers, 184 Pa.Super. 270, 133 A.2d 570 (1957).

■■ The requirement that a defendant accused of crime be tried at the place where the offense occurred is shrouded in antiquity (3 Blackstone's Commentaries * 359–60; 4 Id. * 350–51); see also Commonwealth v. Reilly, 324 Pa. 558, 566–567, 188 A. 574 (1936). The Sixth Amendment guarantees to the accused a trial "by an impartial jury of the State and district wherein the crime shall have been committed". This is a limitation, however, upon Federal and not State courts. Gaines v. Washington, 277 U.S. 81, 48 S.Ct. 468, 72 L.Ed. 793 (1928); Ughbanks v. Armstrong, 208 U.S. 481, 28 S.Ct. 372, 52 L.Ed. 582 (1908). In Pennsylvania Article I, § 9, of the Constitution of 1874, guarantees to the accused "a speedy public trial by an impartial jury of the vicinage".[2]

In this modern day it would seem to be of no significance whether the criminal trial is held in one county or another within the same State, and certainly not if held in a county adjoining or nearby the county where the crime was committed. Indeed, Chief Justice Kephart's discussion of the meaning of "vicinage" referred to in Article I, § 9, of the Pennsylvania Constitution indicates that it is to be given a broader meaning than a particular county.[3] The so-called Journey Act (Section 49 of the Act of March 31, 1860, P.L. 427, 19 P.S. § 525), adopted to obviate difficulties of proof of the place of a crime committed in the course of a journey traversing more than one county, is an indication that it is not an inevitable and absolute defect in a conviction of crime that the trial occurred in a county other than the place where it actually was committed. See also Commonwealth v. Collins, 268 Pa. 295, 110 A. 738 (1920), holding constitutional § 48 of the Act of March 31, 1860, P.L. 427, 19 P.S. § 524, which confers jurisdiction to determine criminal offenses in any county along a boundary line between counties when the crime was committed along the boundary line. Such recognition also is inherent in the Pennsylvania rule which permits a change of venue on application of the Commonwealth from the county where the crime was committed to another county in the interest of a fair and impartial trial, and this, of course, after an indictment has been found in the county where the crime was committed. Commonwealth v. Reilly, 324 Pa. 558, 188 A. 574 (1936).

■■ Many Pennsylvania appellate decisions indicate that a court is without "jurisdiction" of the offense charged unless it occurred in the county of trial.[4] But this has been accompanied by frequent statements that conviction of the crime charged is "conclusive" that the crime was committed where laid in the indictment because a verdict of guilty includes such a finding.[5] These, how-

7 L.Ed.2d 207 (1961); Faust v. State of North Carolina, 307 F.2d 869, 871–872 (4th Cir. 1962); Grundler v. North Carolina, 283 F.2d 798, 801 (4th Cir. 1960).

2. The meaning of "vicinage" as used in the Pennsylvania Constitution and its distinction from the Sixth Amendment's provision for a jury of the "State and district" where the crime was committed are discussed by Kephart, C. J., in Commonwealth v. Reilly, 324 Pa. 558, 567–569, 188 A. 574 (1936).

3. See Commonwealth v. Reilly, 324 Pa. 558, 567–569, 188 A. 574 (1936), where it is stated that the term is of uncertain meaning, and is not co-terminus with a county, but may embrace more than one county. See also Commonwealth v. Collins, 268 Pa. 295, 110 A. 738 (1920).

4. See Commonwealth v. Mull, 316 Pa. 424, 426, 175 A. 418 (1934); Commonwealth v. Wojdakowski, 161 Pa.Super. 250, 257, 53 A.2d 851 (1947).

5. Commonwealth v. Bubnis, 197 Pa. 542, 547, 47 A. 748 (1901); Commonwealth

ever, usually are cases where the place of commission of the crime was not disputed or where there was some evidence that the crime was committed where laid in the indictment.[6] In any event, in Commonwealth v. Tarsnane, 170 Pa.Super. 265, 85 A.2d 606 (1952), where the venue as laid in the indictment was contested at the trial and proof of venue was wholly lacking, the Superior Court set aside a conviction. There the defendant was convicted of the crime of sodomy. He had enticed a young girl into an automobile in Philadelphia and an hour and a half later returned her to the neighborhood of her home. The offense was committed in a vacant house whose location did not appear; there was no evidence that it was in Philadelphia County. The interval between the time the defendant picked up the child and returned her to the same neighborhood was sufficiently long for him to have driven beyond the limits of Philadelphia County and have committed the crime. The Superior Court held that since there was no evidence whatever that the building where the crime was committed was within the County of Philadelphia, the trial court erred in submitting the question of jurisdiction to the jury. Judgment was reversed and a new trial awarded.

■■ In the present case, although venue apparently was not disputed at the time of trial, it was raised on a motion in arrest of judgment. There is no reason to suppose, in view of the Superior Court's decision in Commonwealth v. Tarsnane, supra, that an appeal would not in fact have afforded him a complete remedy. Petitioner has not, in any event, exhausted his State remedy. See Ex parte Hawk, 321 U.S. 114, 116–117, 64 S.Ct. 448, 88 L.Ed. 572 (1944). It is true that he sought review by the Superior Court on appeal from the sentence. But his appeal was quashed because it was untimely. Allocatur was refused by the Supreme Court of Pennsylvania. No petition for certiorari was filed with the Supreme Court of the United States. His own delay in seeking an appeal has lost him the right of appellate review in the State courts of the very question he raises here. It has now been definitely determined that one who seeks habeas corpus in the Federal courts, and who is required by 28 U.S.C.A. § 2254 to exhaust the remedies available in the State courts, has not met this requirement by an untimely attempted appeal. Daniels v. Allen, No. 20, reported sub nom. Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953). There [7] federal habeas corpus was denied a prisoner convicted of murder and under sentence of death although he had been refused a final review by the North Carolina Supreme Court because he had filed his "statement of the case" one day later than the North Carolina rules required. In the present case not only did petitioner fail to secure review in the Pennsylvania appellate courts by appeal, but he also failed to seek certiorari in the Supreme Court of the United States; and this he is required to do. Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761 (1950); Brown v. Allen, supra; Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572 (1944).

There are not present in this case any special circumstances which would impel us to disregard these requirements. There is no claim of coercion or of lack of capacity to defend against the charge. Petitioner was represented by counsel at the trial. If there is any defect in the proceeding he had full opportunity to present it to the appellate courts of Penn-

v. Kaiser, 184 Pa. 493, 497, 39 A. 299 (1898); Commonwealth ex rel. Koffel v. Myers, 184 Pa.Super. 270, 275, 133 A. 2d 570 (1957); Commonwealth v. Tarsnane, 170 Pa.Super. 265, 267, 85 A.2d 606 (1952).

6. E.g., Commonwealth v. Kaiser, 184 Pa. 493, 39 A. 299 (1898); Commonwealth v.

Wojdakowski, 161 Pa.Super. 250, 53 A.2d 851 (1947), where the charge was receiving stolen goods; Commonwealth v. Joyce, 159 Pa.Super. 45, 46 A.2d 529 (1946).

7. The facts in Daniels v. Allen, case No. 20, are set out at 344 U.S. 482, 73 S.Ct. 397, et seq.

sylvania. This he failed to do because of his untimely appeal. He did not exhaust his state remedy. Indeed, his claim that the Quarter Sessions Court of Montgomery County lacks "jurisdiction" over the offense charged against him is one which may still be open to him on habeas corpus in the Pennsylvania courts. See Commonwealth ex rel. Sleighter v. Banmiller, 392 Pa. 133, 136, 139 A.2d 918 (1958).

Accordingly the petition for writ of habeas corpus will be denied.