## Commonwealth v. Taylor

*Gilbert P. High, Jr.*, for Commonwealth.
*Anthony Giangiulio*, for defendant.

DITTER, J., December 10, 1969.—The new Judiciary Article of the Commonwealth of Pennsylvania places geographic limits on the jurisdiction of alder-

men, magistrates and justices of the peace.* The question in this case is whether that provision affects a statute pertaining to the jurisdiction of a court of common pleas over offenses occurring at or near county lines.

Thomas N. Taylor was tried by a judge without a jury for having turned out his automobile lights to avoid arrest. He was apprehended by a Cheltenham Township police officer, who had pursued defendant into Philadelphia in connection with another matter. The offense occurred on a small side street approximately 200 feet on the Philadelphia side of the county line. Defendant was charged with a misdemeanor under the applicable section of The Vehicle Code and taken before a justice of the peace in Montgomery County. He was subsequently indicted, it being alleged that the offense took place in Montgomery County. At the time of trial, defendant did not deny the charge, but maintained that this court has no jurisdiction to try him, since the events and the arrest occurred in Philadelphia.

The Commonwealth points to the Act of March 31, 1860, P. L. 427, sec. 48, 19 PS §524, which provides:

"§524. Offenses near county lines.

"In order to obviate the difficulty of proof as to all offenses committed near the boundaries of counties, in any indictment for felony or misdemeanor committed on the boundary or boundaries of two or more counties, or within the distance of five hundred yards of any such boundary or boundaries, it shall be sufficient to allege that such felony or misdemeanor was committed in any of the said counties; and every such felony or misdemeanor shall and may be inquired of, tried, determined and punished in the

---

* At the conclusion of their terms, their offices will be abolished and their functions exercised by community courts: Pennsylvania Constitution, secs. 7 and 12, Schedule to article V.

county, within which the same shall be so alleged to have been committed, in the same manner as if it had been actually committed therein."

Defendant argues, however, that a 1968 amendment to the Pennsylvania Constitution, section 14 of the schedule to article V, renders the Act of 1860 unconstitutional. Section 14 states:

"§ 14. Magisterial districts

"Effective immediately upon establishment of magisterial districts and until otherwise prescribed the civil and criminal procedural rules relating to venue shall apply to magisterial districts; all proceedings before aldermen, magistrates and justices of the peace shall be brought in and only in a magisterial district in which occurs an event which would give rise to venue in a court of record; the court of common pleas upon its own motion or on application at any stage of proceedings shall transfer any proceeding in any magisterial district to the justice of the peace for the magisterial district in which proper venue lies."

In Commonwealth v. Collins, 268 Pa. 295 (1920), the Act of 1860 was held to be constitutional, because there was no limitation on jurisdiction contained in the Constitution of 1874, which was then in force. Relying heavily on the Collins case, defendant asserts that section 14 of the schedule to article V of the present constitution does place limitation on jurisdiction and, therefore, the Act of 1860 must be declared void. We disagree.

Section 14 of article V in no way limits the venue of a court of common pleas, but does impose territorial limits on members of the minor judiciary. Under the constitution of 1874, proceedings in civil and criminal matters were not restricted to events which occurred within the boundaries of a magistrate's district. Section 14 takes away this carte blanche approach to

geography and makes common pleas venue a pattern by which magisterial "venue" will be determined. In effect, section 14 says that proceedings shall be brought in a magisterial district in which occurred an event that would give rise to venue in a court of record. Venue refers to the county in which a matter is brought to trial: Commonwealth v. Reilly, 324 Pa. 558, 568 (1936). Ordinarily, this is the county where the criminal act occurred, but the Act of 1860 extended the venue of a court of record 500 yards into an adjacent county. In this case, defendant's turning off his lights to avoid identification when he was 200 feet on the Philadelphia side of the county line was an event which would give rise to venue in Montgomery County. A court of record has no more and no fewer restrictions than it had prior to the adoption of section 14. We, therefore, conclude that the Act of 1860 has not been rendered invalid by the 1968 changes to the Constitution.

And now, December 10, 1969, it is ordered that defendant appear for verdict and sentence on December 19, 1969, at 9:30 a.m., in Courtroom "D", Sandy Street Court Building, Norristown, Pa.