## Com. of Pa. v. Terrizzi, Appellant.

Argued March 13, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker, and James, JJ.

*Anthony Cavalcante,* for appellant.

*J. Stroud Weber,* Assistant District Attorney, and with him *Stewart Nase,* District Attorney, for appellee.

Opinion by Trexler, P. J., April 25, 1933:
Defendant was charged with manufacturing, transporting, furnishing and selling intoxicating liquors. The jury found him guilty of selling and manufactur-

ing. There is but one question submitted to us founded on the following occurrence at the trial. After all the testimony was in, including that of the defendant, Terrizzi, the district attorney stated he desired to offer in evidence the record of Morris Terrizzi. The attorney for the defendant stated, "That is admitted." The court ruled, "It may be, it is more or less admitted you have the right to offer it." The record was then admitted showing that the defendant pleaded guilty of violating the prohibition enforcement act and was sentenced. In his charge the court directed the jury that they should not draw any inference in any way because of prior conviction that the defendant was guilty in the case trying. The record could only be admitted in order that the jury might know "what weight they shall give to the testimony" of the defendant.

There was no exception taken to the charge of the court. The assignments of error are directed solely to the refusal of the court to grant a new trial. A reading of the testimony shows that there was abundant proof to sustain the conclusion reached by the jury. The present counsel urges that the attorney, who tried the case committed palpable error in not making objection to the admission of the record of former conviction, and in not taking exception to the charge of the court, and that the errors committed are so fundamental that we should consider them even in the absence of any exception being taken at the trial. We do not know why the former counsel agreed at the trial to admit the record showing a plea of guilty under a similar charge in a former trial. Although this is mere conjecture he may have concluded that it might benefit the defendant, for the jury might infer that if he pleaded guilty in the former trial, he would likely have adopted the same course in the present case, if he really had committed the crime. What-

ever the reason, we have the acquiescence of the attorney to the admission of the record and to the charge of the court. We cannot recognize the errors of counsel as a cause for reversal unless they involve a denial of due legal process and cause manifest injustice. "Failure of counsel to take prompt exception to the trial judge's rulings or instructions, indicates acquiescence in them, while exceptions put the trial judge on notice that his rulings or instructions are not acquiesced in, and this suggests to him further consideration of these rulings or instructions and modification of them, if, upon reflection, he is convinced of error. If the taking of exceptions were not made a prerequisite to the right to appeal on controverted points, many erroneous rulings and instructions would stand uncorrected by the trial judge and retrials would become more frequently necessary. The rule, therefore, becomes a precept essential to the prompt and practical administration of justice, and while a few litigants may suffer on account of their counsel's inattention to the rule, society profits from this precept and from judicial exaction of obedience to it'': Commonwealth v. Corrie, 302 Pa. 431, 435, 153 A. 743. The reception of the record of a former plea of guilty may not have been proper, but it did not offend against the provision of the Act of March 15, 1911, P. L. 20 for that statute refers merely to the cross-examination of the defendant: Com. v. Doe, 79 Pa. Superior Ct. 162, 166; Com. v. Williams, 307 Pa. 134, 149.

The assignments of error are overruled. The judgment is affirmed and the record remitted to the court below and it is ordered that the defendant appear in the court below at such time as, he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.