Commonwealth ex rel. O'Halloran, Appellant, *v.* Burke.

Submitted March 15, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Francis O'Halloran,* appellant, in propria persona.

*Howard L. Criden* and *Samuel Dash,* Assistant District Attorneys, *Michael von Moschzisker,* First Assistant District Attorney and *Richardson Dilworth,* District Attorney, for appellee.

OPINION BY WOODSIDE, J., August 30, 1954:

This is another of the numerous attempts made by inmates of the State penitentiaries to question by a writ of habeas corpus alleged errors during or prior to trial. Such writs do not lie for that purpose. *Com.*

*ex rel. Townsend v. Burke,* 361 Pa. 35, 63 A. 2d 77 (1949).

Relator was found guilty by a jury on bills No. 142, 143 and 144 August Sessions 1951 (Philadelphia) charging robbery, and sentenced to 2½ to 5 years in the Eastern State Penitentiary on each to run consecutively. The same jury also found him guilty on accompanying bills charging carrying a concealed deadly weapon and assault with intent to kill. On these bills sentence was suspended.

Relator had been charged in eight indictments Nos. 138 through 145. When the case was brought to trial the district attorney received permission of the court to withhold bills Nos. 141 and 145 because the prosecutrix was ill and unable to testify. (She subsequently died and a nolle prosequi was entered on these bills.) By error bill No. 141 got into the hands of the jury, and they made a finding of guilty on it. The error was promptly called to the attention of the trial judge and he peremptorily granted a new trial on it.

The relator argues that he was deprived of his constitutional rights because: (1) the jury found him guilty on a charge which was not before it (as stated above a nolle prosequi was eventually entered on this bill); (2) of an alleged reference during the trial by the court to a plea of guilty which he had made and withdrawn (he admitted his guilt of that charge on the witness stand); (3) he was permitted to testify that he had been "locked up for a gun," (it was his voluntary non-responsive answer); (4) he should not have been tried for four felonies at the same time (there was no objection at the time of trial); (5) of numerous alleged trial errors and events which took place before the magistrate during his hearing.

The petitioner was represented by counsel during the trial. A motion for a new trial was made, argued,

and refused. The court record shows he was ably represented by counsel, and fairly tried by the court. The evidence left no doubt as to his guilt on three robberies in the downtown district of Philadelphia. Considering the aggravating circumstances which appear in the evidence he was not only fairly, but leniently dealt with by the court.

After filing his petition in this case relator was given a hearing and a lengthy opinion was written by President Judge OLIVER, who had tried and sentenced him. In his opinion Judge OLIVER reviewed the relator's complaints and dealt with them as thoroughly as though they had been before him on a motion for a new trial. He very ably disposed of them demonstrating that they lacked merit as well as legal standing.

Order dismissing writ is affirmed.