## Commonwealth ex rel. Koffel, Appellant, *v.* Myers.

Argued March 18, 1957. Before RHODES, P. J., GUN-THER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT, J., absent).

*N. Coleman Shapiro,* for appellant.

*Peter F. Cianci,* Assistant District Attorney, with him *Frederick Edenharter,* Assistant District Attorney, and *Frederick O. Brubaker,* District Attorney, for appellee.

OPINION BY WATKINS, J., June 11, 1957:

This is an appeal by Lester G. Koffel from the or-

der of the Court of Common Pleas of Berks County dismissing his petition for a writ of habeas corpus.

On September 8, 1954, a true bill was returned by the grand jury. It contained two counts, one charging sodomy and the other, contributing to the delinquency of a minor. The defendant plead not guilty and was tried before a jury and convicted on both counts. He was sentenced on November 4, 1954 to undergo imprisonment for not less than eighteen months nor more than five years in the Eastern State Penitentiary. No new trial was sought nor any appeal taken.

The matters raised in this appeal have been recently passed upon by the appellate courts and were capably reviewed, by the lower court, in support of the order dismissing the petition.

The petitioner complains that stenographic notes were not taken at the trial; that he was illegally arrested; that the conviction was based on illegally obtained evidence; that counsel did not adequately and properly protect his rights; that the court was without jurisdiction because it was not shown that the acts were committed in Berks County; that the procedure before the alderman and the grand jury was illegal; that the bail was excessive; and the remarks of the court prejudicial.

This is the now usual catchall attempt to use the extraordinary writ of habeas corpus as a substitute for appeal.

Stenographic notes were not taken at the trial and it is not contended that the request by the petitioner or his counsel was ever made that notes of testimony be taken. The law provides: "The law judges of each of the several courts of oyer and terminer and general jail delivery, and of the courts of quarter sessions of the peace, shall employ the official stenographer or stenographers of the courts of common pleas of the

particular county, to report the proceedings of the said court, whenever requested so to do by any defendant or defendants, or his, her or their counsel, before or during the trial of any case in any of said courts." 1907, May 1, P. L. 135, §2; 1911, May 5, P. L. 161, §1, 17 PS §1802. In the absence of a request from the defendant, failure to have notes of testimony taken at the trial does not constitute a denial of due process or any constitutional right. *Com. ex rel. Turk v. Ashe,* 167 Pa. Superior Ct. 323, 74 A. 2d 656 (1950); *Com. ex rel. McCurdy v. Burke,* 175 Pa. Superior Ct. 482, 106 A. 2d 684 (1954); *Com. ex rel. Shultz v. Myers,* 182 Pa. Superior Ct. 431, 128 A. 2d 103 (1956).

The complaints of illegal arrest and the use of illegally obtained evidence were not raised until the petition for this writ was filed. From an examination of the briefs and the opinion of the court, where the trial judge's notes of testimony are discussed, there seems to be no factual basis for these complaints. The law is well settled, however, that "the admissibility of evidence is not affected by the illegality of the means through which the Commonwealth has been enabled to procure the evidence. Com. v. Agoston, 364 Pa. 464, 72 A. 2d 575. This is the doctrine of all our cases." *Com. v. Rich,* 174 Pa. Superior Ct. 174, 100 A. 2d 144, 146 (1953). The law is equally well settled that the illegality of arrest is not ground for the issuance of a writ of habeas corpus after conviction. *Com. ex rel. Burge v. Ashe,* 168 Pa. Superior Ct. 271, 77 A. 2d 725 (1951); *Com. ex rel. Garrison v. Burke,* 378 Pa. 344, 106 A. 2d 587 (1954).

The recitation contained in the lower courts opinion, of the petitioner's legal representation from the preliminary hearing to this appeal and the further experience of this Court with the request of former appeal counsel for permission to withdraw, negatives

the complaint that his rights were not adequately and properly protected by counsel. "Moreover, the mere fact that a criminal, after conviction, is of the opinion that the trial was not properly conducted by his counsel constitutes no ground for the issuance of a writ of habeas corpus." *Com. ex rel. Comer v. Maroney,* 178 Pa. Superior Ct. 633, 638, 116 A. 2d 301, 304 (1955); *Com. ex rel. Jackson v. Day,* 179 Pa. Superior Ct. 566, 118 A. 2d 289 (1955). This is not a case of court appointed counsel but counsel of excellent reputation selected by the petitioner. "Relator's contention that his court-appointed counsel did not wisely cross-examine the Commonwealth's witnesses and adequately represent his interests is likewise without merit, even if the present proceeding be considered in the nature of an appeal. Such a contention or accusation is becoming more and more frequent. Losing counsel is ofttimes blamed by succeeding counsel who, with the benefit of hindsight, is convinced that he could have more ably conducted the defense with the result that defendant would have been acquitted. If such contentions were to prevail a new trial would have to be granted in nearly every case where a man was convicted of crime, and there would be no finality to any criminal trial." *Com. ex rel. Garrison v. Burke,* supra.

The complaint of illegality of procedure before the alderman and the grand jury; reference to excessive bail; alleged defective and inaccurate transcript and incomplete indictment are without merit as well as legal standing. The entry of the plea waived such objections that might have been relieved by habeas corpus to discharge or to admit to reasonable bail, or by motion to quash the indictment. *Com. ex rel. v. Keenan,* 175 Pa. Superior Ct. 636, 106 A. 2d 843 (1954); *Com. ex rel. Shultz v. Myers,* supra.

The complaint that it was not shown that the alleged illegal acts occurred in Berks County was not raised at the trial. The indictment alleged that the offenses took place within the jurisdiction of the court. The conviction is conclusive that the crime was committed where laid in the indictment, for a verdict of guilty included such a finding. "We stated the applicable principle in the language of settled law in Com. v. Wojdakowski, 161 Pa. Superior Ct. 250, 257, 53 A. 2d 851, 855 (1947) thus: 'The locus of a crime is always in issue, for a court has no jurisdiction of the offense unless committed in the county where tried. Com. v. Mull et al., 316 Pa. 424, 175 A. 418. Usually the question is not specifically raised but, in such case, the conviction of a defendant is conclusive that the crime was committed where laid in the indictment, for a verdict of guilt includes such finding. Com. v. Bubnis, 197 Pa. 542, 547, 47 A. 748; Com. v. Kaiser, 184 Pa. 493, 497, 39 A. 299.' " *Com. v. Tarsnane,* 170 Pa. Superior Ct. 265, 85 A. 2d 606 (1952).

The averments of perjured testimony, of promises to witnesses and coercion by the police, do not warrant the issue of the writ. "An attack on the evidence presented at the trial, based on an averment that it was perjured, cannot be a subject of habeas corpus." *Com. ex rel. Cobb v. Burke,* 176 Pa. Superior Ct. 60, 63, 107 A. 2d 207 (1954); *Com. ex rel. Jackson v. Day,* supra. The allegation of prejudicial remarks by the court is not a ground for discharge by use of the writ. *Com. ex rel. O'Halloran v. Burke,* 176 Pa. Superior Ct. 477, 107 A. 2d 577 (1954).

"The extraordinary remedy of habeas corpus, which can be successfully invoked only in exceptional cases, is not a substitute for a motion for a new trial, or for an appeal or for a writ of error: . . . and we strongly deprecate the present practice to use it as such." *Com.*

*ex rel. Marelia v. Burke,* 366 Pa. 124, 75 A. 2d 593, at page 594; *Com. ex rel. Garrison v. Burke,* supra, 346; *Com. ex rel. Lewis v. Ashe,* supra.

The order of the court below is affirmed.