UNITED STATES of America ex rel.
Glenn SLEIGHTER

v.

William J. BANMILLER, Warden, Eastern State Penitentiary, Philadelphia, Pennsylvania.

Misc. No. 1848.

United States District Court
E. D. Pennsylvania.

April 17, 1958.

Herman I. Pollock, Philadelphia, Pa., for plaintiff.

George C. Eppinger, Dist. Atty., Franklin County, Chambersburg, Pa., for defendant.

LORD, District Judge.

Relator's petition for a writ of habeas corpus is before this Court for the second time. Our Order of May 21, 1957, denying his petition without opinion was vacated by the Court of Appeals for failure to indicate the reasons for our decision.

Relator was convicted in 1937 of first degree murder in the death of a six year old girl living as a foster child in relator's home. The Commonwealth's evidence, based mainly on relator's confession, revealed that the child had died as the result of incredibly brutal corporal punishment administered by relator and his wife. According to his confession, relator had beaten the child intermittently with a web belt and a leather strap for approximately 90 minutes in an attempt to get her to tell the truth about some minor school incidents. After noticing that the child seemed faint, relator and his wife attempted to revive her, but without success. When they realized the child was dead, they decided to dispose of the body and claim that the child had disappeared. About two weeks later relator led police to where he had hidden the body, and both he and his wife then confessed. Mrs. Sleighter was convicted separately of voluntary manslaughter. She was paroled in January, 1943, after serving six years.

As a consequence of relator's conviction of first degree murder, he was sentenced to life imprisonment. Although motions for new trial and in arrest of judgment were filed, they were later withdrawn and relator took no appeal from his judgment of conviction.

In his original brief filed with this Court, relator advances three principal grounds for the issuance of the writ: that he was coerced into signing the confession used at his trial; that he was denied effective assistance of counsel; and that the popular feeling against him in Franklin County at the time of his trial was so strong as to preclude a fair trial. This Court has studied the entire record of the state court proceedings; witnesses were subpoenaed at relator's

request; and a full hearing lasting two days was held. It is the considered opinion of this Court that none of the grounds raised by relator can support his petition.

In this connection, reference is made to the opinion in Commonwealth ex rel. Sleighter v. Banmiller, Pa., 139 A.2d 918. In that decision involving the same relator, the Supreme Court of Pennsylvania disposed of the identical issues raised by relator in his petition here. This Court concurs completely with the Supreme Court in its resolution of these issues, and would add merely that the evidence adduced at the hearing held before this Court was utterly void of any indication that relator's confession was coerced or that mob hysteria prevented his receiving a fair trial. As for the allegation that relator was denied effective assistance of counsel, the 412 page trial record is sufficiently eloquent refutation.

Relator's court appointed counsel, however, has urged two additional grounds for the issuance of the writ not presented to the Supreme Court and hence not considered by it in its recent opinion.

■ The first relates to the following portion of the trial court's charge:

"The presumption of the law in a charge of murder is that it is murder of the second degree and the burden rests on the Commonwealth to satisfy the jury beyond a reasonable doubt by the evidence that the crime is murder in the first degree; in other words, a person charged with murder is presumed to go before a jury guilty only of murder in the second degree, and the Commonwealth must satisfy the jury that he is guilty of murder in the first degree. On the other hand, the presumption being that the defendant is guilty of murder of the second degree when so charged, the burden of reducing it below murder of the second degree, where you are satisfied that the defendant committed the deed, lies on the defendant, that is, the defendant has the burden to prove to the jury that the crime is not murder of the second degree but voluntary manslaughter. * * *"

The second ground concerns itself with the suppression of evidence by the Commonwealth. In her confession relator's wife admits she struck the child in the face a couple of times. It was testified at relator's trial that the child died from a blow on the head, and since relator did not confess to striking such a blow, the argument is made that the Commonwealth in failing to introduce Mrs. Sleighter's confession wilfully suppressed material evidence.

However, relator is met at the threshold of these arguments with the rule that before a United States court can grant a writ of habeas corpus to a prisoner in custody pursuant to the judgment of a state court, he must have exhausted his state remedies. 28 U.S.C.A. § 2254. Since relator has not presented these two questions to the courts of the Commonwealth, he has not exhausted his state remedies, and this Court is without jurisdiction to consider these issues. United States ex rel. Pascal v. Burke, D.C.E.D.Pa.1950, 90 F.Supp. 868. Nevertheless, it seems proper at this time to suggest, without deciding, that the merits of these two arguments are extremely questionable. The charge of the trial court when read as a whole appears to be a fair exposition of the presumption of innocence in keeping with the traditional protection afforded an accused. As for the suppression of evidence, myriad evidentiary difficulties would have beset any attempt by the Commonwealth to introduce Mrs. Sleighter's confession. Equally formidable obstacles would have prevented the Commonwealth from calling her as a witness.

■ Two additional questions— whether the evidence was sufficient to have warranted the conviction of first degree murder, and whether admittedly irrelevant testimony concerning the condition of the child's genitals was so prejudicial as to have required the grant a new trial—were noted by the Supreme

Court. That Court observed that the failure to appeal was *perhaps* unfortunate because these questions should have been determined. This Court believes the failure to appeal was *most* unfortunate, for *only* by appeal could these grave questions of trial error have been determined. Brown v. Allen, 1952, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469.

This Court had an opportunity to observe relator for two full days and was most favorably impressed by his demeanor and sincerity. The Court is reliably informed that relator's institutional record is outstanding. Several prison officials testified to the good work he has done in helping his fellow inmates become useful citizens. Prior to this tragedy relator had never committed a criminal offense, and he has been paying for this one for 21 years. If indeed his crime did not amount to more than second degree murder, punishable in Pennsylvania by a maximum sentence of 20 years, relator has already served an additional year beyond the maximum. Even assuming he would have been sentenced for the full 20 years he would have been eligible for parole at the latest after he had served 10 years of that sentence.

Accordingly, it is with great reluctance that this Court reaches the conclusion that it has no power to grant relator's petition. It would be difficult to conceive of anyone more worthy of his freedom than this relator, but tragically perhaps for him habeas corpus is not the way.

"The writ of habeas corpus in federal courts is not authorized for state prisoners at the discretion of the federal court. It is only authorized when a state prisoner is in custody in violation of the Constitution of the United States. 28 U.S.C. § 2241, 28 U.S.C.A. § 2241. That fact is not to be tested by the use of habeas corpus in lieu of an appeal. To allow habeas corpus in such circumstances would subvert the entire system of state criminal justice and destroy state energy in the detection and punishment of crime." Brown

v. Allen, 1952, 344 U.S. 443, at page 485, 73 S.Ct. 397, at page 421.

It is therefore ordered that relator's petition for writ of habeas corpus be and the same is hereby denied.