**510**

**UNITED STATES of America ex rel.
Lester G. KOFFEL**

v.

**David N. MYERS, Warden, State Penitentiary, Graterford, Pennsylvania.**

**No. 1974.**

United States District Court
E. D. Pennsylvania.

Nov. 17, 1958.

———◆———

D. Donald Jamieson, Philadelphia, Pa., for petitioner.

No appearance for respondent.

EGAN, District Judge.

This case is before the Court on a petition for a writ of habeas corpus. Pursuant to a rule to show cause entered by this Court on October 20, 1958, a hearing was held four days later on the 24th. The rule was served upon the respondent and copies thereof were sent to the Attorney General for the Commonwealth of Pennsylvania and to the District Attorney for Berks County. No return was filed by respondent nor was any appearance entered on behalf of any of the above named parties, except the petitioner. After satisfying ourselves that the notices had been properly served on the Attorney General and the respondent, we proceeded with an ex parte hearing.

■ For all intents and purposes, three major points were raised by petitioner through his Court-appointed counsel. Perhaps the most important consideration raised by this application is the failure of the trial Court to take stenographic notes at the time of trial. Having given much thought to the consideration of this point, we are compelled to find that it is without merit at this time. In exhausting his State remedies, petitioner applied for a writ of habeas corpus to the Superior Court of Pennsylvania [Commonwealth ex rel. Koffel v. Myers, 1957, 184 Pa.Super. 270, 133 A.2d 570]. Denying his application there, the Superior Court stated that "stenographic notes were not taken at the trial and *it is not contended that the request by the petitioner or his counsel was ever*

*made that notes of testimony be taken."* [1] Petitioner *here* bases his contention on the fact that such a request had actually been made. This is clearly inconsistent with the position he took at the State level. We are therefore of the opinion that as far as the question of whether the failure to have notes of testimony taken is a denial of due process, petitioner has failed to exhaust his remedies and that issue is not properly before this Court. 28 U.S.C.A. § 2254; United States ex rel. Sleighter v. Banmiller, D.C. E.D.Pa.1958, 160 F.Supp. 769.

■ Petitioner further contends that he was denied counsel of his own choice to the extent that a young colleague of petitioner's "retained" counsel tried the matter before the trial Court.[2] It has been admitted that trial counsel was a member in good standing of the Berks County Bar and no impropriety other than inexperience has been alleged. Traditionally the Courts have taken the view that unless gross incompetency, which reduces the trial to a mere sham has been shown, an argument based on such a contention as is raised here is without merit. Hendrickson v. Overlade, D.C. N.D.Ind.1955, 131 F.Supp. 561.

■ The third ground on which petitioner bases his application for a writ is that he was denied due process of law when an alleged unsigned statement was used during the course of the trial which had been prepared by police officers during an improperly long period of time between apprehension and hearing, to wit, six days. We do not believe that due process is violated unless there is some showing that coercion as a result of the improper incarceration produced the statement as in Watts v. State of Indiana, 1948, 338 U.S. 49, 69 S.Ct. 1347, 93 L.Ed. 1801, Turner v. Com. of Pennsylvania, 1948, 338 U.S. 62, 69 S.Ct. 1352, 93 L.Ed. 1810 and Harris v. State of South Carolina, 1948, 338 U.S. 68, 69 S.Ct. 1354, 93 L.Ed. 1815. See, Stein v. People of State of New York, 1953, 346 U.S. 156, 73 S.Ct. 1077, 97 L.Ed. 1522.

Mallory v. United States, 1947, 354 U.S. 449, 454, 77 S.Ct. 1356, 1 L.Ed.2d 1479, has been cited in support of petitioner's position. It should be remembered that in Mallory, the Supreme Court was construing Rule 5(a) of the Federal Rules of Criminal Procedure which required an immediate hearing. 18 U.S. C.A. Since petitioner in the instant case was tried in the State Court, we are not concerned with any Federal statute which applies to cases tried in Federal Courts, and since there is no comparable rule or statute in Pennsylvania, the Mallory case is inapplicable. Commonwealth ex rel. Sleighter v. Banmiller, 1958, 392 Pa. 133, 139 A.2d 918. As petitioner fails to charge or prove any ill treatment or coercion during his period of incarceration, he has not established any lack of due process of law.[3]

■ All other contentions raised by petitioner are without merit and have been thoroughly adjudicated in the State Courts. It is not ordinarily incumbent upon a Federal District Court to re-examine, upon a writ of habeas corpus, those issues which have been fully presented and adjudicated by the highest State Court and the United States Su-

---

1. 184 Pa.Super. 270, at page 272, 133 A. 2d 570, at page 572. (Emphasis supplied.)

2. Incidentally, no retainer was paid to counsel at the trial by petitioner's own admission.

3. Furthermore, in Lyons v. State of Oklahoma, 1944, 322 U.S. 596, at page 597–598, 64 S.Ct. 1208, at page 1210, 88 L. Ed. 1481, the Supreme Court in Footnote 2, stated: " * * * the effect

of the mere denial of a prompt examining trial (preliminary hearing) is a matter of state, not of federal law. To refuse this is not a denial of equal protection under the Fourteenth Amendment although it is a fact for consideration on an allegation that a confession used at the trial was coerced." (Matter in parenthesis supplied.) Generally see, Powers and Duties of Police Officers Regarding Arrests, 1958, 14 Pa.Dist. & Co.R.2d 271.

preme Court. Cannon v. Skeen, D.C.
N.D.W.Va.1954, 126 F.Supp. 114.

For these reasons, the petition for
writ of habeas corpus is denied and the
rule is discharged.