## Commonwealth ex rel. Miller, Appellant, *v.* Myers.

Argued March 14, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Paul H. Miller,* appellant, in propria persona, submitted a brief.

*Frank B. Boyle,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, April 13, 1960:

This is an appeal by Paul H. Miller from the order of the Court of Common Pleas of York County discharging a rule to show cause why a writ of habeas corpus should not issue. The appellant was convicted of the crimes of (1) assault and battery and (2) carnally knowing and abusing a woman child under 16 years of age. He raises the question that his constitutional guarantee of due process was violated because stenographic notes of his trial were not taken. In the absence of a request from the defendant, failure to have notes of testimony taken at the trial does not constitute a denial of due process or any constitutional right: *Com. ex rel. Koffel v. Myers,* 184 Pa. Superior Ct. 270, 273, 133 A. 2d 570.

Appellant also contends that the indictment in some way was defective. It is too late to contest the indictment after conviction.

Appellant also questions the sufficiency of the evidence and complains that certain of this evidence was false. These likewise were matters which should have been raised by a motion for a new trial and may not now be raised in this proceeding.

Appellant also complains that his prior record was read to the jury. As the notes of testimony were not transcribed we are unable to determine whether this was done and, if so, whether it was done improperly. This question also should have been raised in a motion for new trial and may not now be raised in this proceeding.

The appellant was represented by able counsel at his trial and the record indicates that no motion was made for a new trial. We must assume that counsel

properly evaluated the case and determined that no adequate grounds existed for a new trial.

Order affirmed.