### Commonwealth ex rel. Williams v. Myers

*Victor H. Blanc*, District Attorney, and *Benjamin H. Renshaw, Jr., Domenick Vitullo, Paul M. Chalfin* and *Charles L. Durham*, Assistant District Attorneys, for Commonwealth.

*James Williams*, relator, p.p.

REIMEL, J., May 24, 1960.—This matter comes before the court on relator's petition for a writ of habeas corpus.

Relator entered pleas of not guilty and demanded a jury trial on four bills of indictment, all charging aggravated robbery. Pursuant to request, the office of the voluntary defender assigned counsel to represent him. With such representation a jury was impanelled and the trial was conducted. Relator was convicted on two bills and was sentenced to imprisonment in the Eastern State Penitentiary for a period of not less that 10 nor more than 20 years on each bill, the sentences to run consecutively. Relator was subsequently transferred to the State Correctional Institution, Graterford.

The present petition, termed a "motion to vacate and/or set aside judgment", avers illegal search and seizure, illegal arrest, coercion in the procuring of his confession, use of fabricated and hearsay evidence, use of illegally obtained evidence, misconduct by the district attorney and compelled self-incrimination by police action which constituted a denial of due process and deprived the trial court of jurisdiction.

It is well settled that the extraordinary remedy of habeas corpus, which can be successfully invoked only in exceptional cases, is not a substitute for an appeal or a motion for a new trial, nor is it available for the correction of trial errors: Commonwealth ex rel. Patrick v. Banmiller, 398 Pa. 163; Commonwealth ex rel. Wilson v. Banmiller, 393 Pa. 530; Commonwealth ex rel. Marelia v. Burke, 366 Pa. 124. Generally, since no appeal was taken by relator, his contentions as to trial irregularities and as to the sufficiency of evidence may not be considered. Specifically, the matters presented are not the subject of consideration in a habeas corpus proceeding.

An illegal arrest, even if excessive force is used,

does not, without more, amount to a denial of due process or furnish grounds, after conviction, for discharge on a writ of habeas corpus: Commonwealth ex rel. Romano v. Banmiller, 397 Pa. 606; Commonwealth ex rel. Garrison v. Burke, 378 Pa. 344, cert. denied, 348 U. S. 879; Commonwealth ex rel. Mitchell v. Myers, 188 Pa. Superior Ct. 544; Commonwealth ex rel. Koffel v. Myers, 184 Pa. Superior Ct. 270. Nor does an alleged illegal search and seizure furnish such grounds: Commonwealth ex rel. Romano v. Banmiller, 397 Pa. 606; Commonwealth ex rel. Mitchell v. Myers, 188 Pa. Superior Ct. 544. Furthermore, since the facts admitted by the Commonwealth do not show coercion, this court will not reëxamine the issue of the voluntariness or coercion of relator's confession which was passed upon by the jury adversely to relator after hearing conflicting evidence: Commonwealth ex rel. Norman v. Banmiller, 395 Pa. 232. For the same reason, this court will not reconsider the issue of compelled self-incrimination by police action.

The question of the sufficiency or insufficiency of the evidence to sustain a conviction cannot be raised by habeas corpus: Commonwealth ex rel. Marelia v. Burke, 366 Pa. 124; Commonwealth ex rel. Butler v. Banmiller, 190 Pa. Superior Ct. 474. An attack upon the evidence presented at trial, based on an averment that it was perjured, hearsay or fabricated, cannot be a subject of habeas corpus: Commonwealth ex rel. Estelle v. Cavell, 191 Pa. Superior Ct. 200, perjured testimony; Commonwealth ex rel. Hamilton v. Cavell, 188 Pa. Superior Ct. 161, perjured testimony; Commonwealth ex rel. Bey v. Myers, 190 Pa. Superior Ct. 63, perjured and hearsay testimony; Commonwealth ex rel. Bishop v. Maroney, 382 Pa. 324, cert. denied, 350 U. S. 917, fabricated evidence. Moreover, the admissibility of evidence is not affected by the illegality of the means through which the Commonwealth was

enabled to procure the evidence: Commonwealth v. Agoston, 364 Pa. 464; Commonwealth v. Stone, 187 Pa. Superior Ct. 225, aff'd. 395 Pa. 584; Commonwealth ex rel. Koffel v. Myers, 184 Pa. Superior Ct. 270.

The effect of remarks by the district attorney depends upon the atmosphere of the trial. Even where the language of the district attorney is intemperate, uncalled for and improper, which is not present in this case, it would not necessarily require setting aside the verdict: Commonwealth v. Crittenton, 326 Pa. 25. The language must be such that the unavoidable effect was to prejudice the jury. The proper action to be taken is largely a matter within the discretion of the trial judge: Commonwealth v. Capps, 382 Pa. 72; Commonwealth v. McHugh, 187 Pa. Superior Ct. 568. This charge is wholly unsupported by the evidence.

Upon careful consideration of the petition for writ of habeas corpus and an examination of the record, the court finds that there are no factual issues for determination and that the petition itself and the record upon which it is based fail to make out a case entitling relator to the relief afforded by habeas corpus; therefore no hearing is necessary: Commonwealth ex rel. Bolish v. Banmiller, 396 Pa. 129, cert. denied, 361 U. S. 898.

Accordingly, relator's petition for a writ of habeas corpus is dismissed.