Commonwealth *v.* Tyson, Appellant.

594

Submitted December 15, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*John Calvin Tyson,* appellant, in propria persona.

*Sanford S. Marateck,* Assistant District Attorney, and *M. F. Bonno,* District Attorney, for Commonwealth, appellee.

OPINION BY MONTGOMERY, J., March 22, 1961:

This is an appeal from the refusal of motions in arrest of judgment and for a new trial.

Appellant, John Calvin Tyson, was tried and convicted, at No. 1 September Sessions, 1959, of the crime of robbery by assault and force. From the evidence produced it appeared that about 1:00 a.m. on July 4, 1959, appellant, in company of Leon Shelbert, met John G. Fisher of Brooklyn, New York, a former resident of the City of Shamokin, Northumberland County, who arrived in Shamokin the previous day for a visit. While Fisher was waiting for a taxi, appellant

and Shelbert approached him and asked where he was going. Fisher stated that he was going to the picnic grounds at Bunker Hill and appellant and Shelbert replied that they, too, were going to the same place. When the cab arrived all three entered the cab and finally arrived at the picnic grounds. The three men drank some beer together after which Fisher decided to return to his hotel. When he was about fifty feet below the beer stand, at or near a clump of bushes, he looked back and saw appellant and Shelbert running toward him. One of them grabbed him and as he fell to the ground, one of them took about sixty dollars in bills and change from his pockets.

Appellant and his accomplice departed and Fisher walked back to the beer stand and stated that he had just been "rolled." He then went into the City of Shamokin and reported the occurrence to the police. He was turned over to the state police and was shown various photographs. Subsequently appellant and his accomplice were apprehended and lodged in the Northumberland County Prison. While in prison, appellant was placed in a police line-up and Fisher was asked whether the men who assaulted him were present. He immediately picked out appellant and also identified him later in the courtroom as being one of his assailants.

The jury found appellant guilty as charged. Thereafter, motions in arrest of judgment and for a new trial were filed and subsequently refused, and appellant was sentenced to a term of not less than four years nor more than eight years in the Eastern State Penitentiary.

On this appeal, several reasons are assigned as error in the refusal of the court below to grant his motions. The first contention is that new evidence has been discovered since the trial which would tend to discredit the victim's identification of appellant as the

person who committed the crime. In support of the new evidence, appellant presented three affidavits of Stanley Coveleskie, Donald Veshnefskie, and Stephen Kurtz. Another paper, purportedly signed by Marie Tomolo, was also presented, which was not sworn to by her. The statements contained in these affidavits, even if true, offer little, if anything, which might affect the results. It is contended, however, that the affidavit of Steven Kurtz would furnish appellant with a complete alibi for the time and place of the crime. The substance of this affidavit is that he saw appellant and his accomplice together with Fisher at the picnic grounds and later saw appellant and his accomplice by themselves. He later heard talk of the robbery and observed Fisher with a police officer.

Had Kurtz testified to the matters contained in his affidavit, such testimony could not establish an alibi for appellant and could in no way affect the credibility of the victim, Fisher. In any event, newly discovered evidence which tends to impeach or discount previous evidence produced is not ground for a new trial. A new trial will be awarded only where the evidence in question has been discovered after trial and, by the exercise of reasonable diligence, could not have been obtained at or prior to the conclusion of trial, is not merely corroborative or cumulative, will not be used solely for the purpose of impeaching credibility, and is of such nature and character that a different verdict would likely result if a new trial were granted. *Commonwealth v. Schuck,* 401 Pa. 222, 164 A. 2d 13; *Commonwealth v. Coroniti,* 170 Pa. Superior Ct. 245, 85 A. 2d 673. The refusal of a trial court to grant a new trial when a defendant can produce additional testimony to substantiate his alibi is peculiarly within the discretion of the trial judge. *Commonwealth v. Douglass,* 185 Pa. Superior Ct. 269, 138 A. 2d 193. Since the evidence here sought to be produced was only cu-

mulative or corroborative and which is unlikely to effect a change in the verdict, the new trial on this ground was properly refused.

The second contention is that defense counsel, although apprised of the nature of the testimony of Steven Kurtz, refused to use this evidence and thereby deprived appellant of his right to have the jury hear all of his evidence. This contention is without merit. Appellant selected counsel of his own choice. Judging from the affidavit of Steven Kurtz, it is not at all surprising that defense counsel refused to utilize this evidence. Even without subjecting such statements to cross-examination, such testimony would have no material effect on the issues involved and would have added nothing to the case presented by defense counsel. It is not apparent from the record that he violated any rights of the appellant. Furthermore, it is the right and duty of defense counsel to present his case in a manner which he deems will be most advantageous to his client. While it is possible in retrospect to conclude that counsel was mistaken in his choice of witnesses and testimony produced, such errors of judgment afford no cause for reversal unless they involve a denial of due process and cause manifest injustice. *Commonwealth v. Terrizzi*, 109 Pa. Superior Ct. 74, 165 A. 757.

The third contention is that prosecutor's version of the crime committed by appellant was so contrary to the physical facts and so inconsistent as to tax the credibility of the prosecutor. It therefore cannot support the verdict of the jury. Appellant contends that there was no identification made of him at either the picnic grounds or in the police line-up. From the record it is clear that appellant was placed at the picnic grounds and was identified by the prosecutor in the police line-up. His main complaint in this regard is that some difficulty was encountered in the identifica-

tion of his accomplice. In any event, the method of identification was presented to the jury, which had the benefit of both the Commonwealth version and that of the defense. Where a defendant denies guilt and relies on an alibi notwithstanding positive identification, the probative weight of testimony as to identification is exclusively for the jury. *Commonwealth v. Kloiber,* 378 Pa. 412, 106 A. 2d 820, certiorari denied at 348 U. S. 875, 75 S. Ct. 112, 99 L. Ed. 688; *Commonwealth v. Sharpe,* 138 Pa. Superior Ct. 577, 10 A. 2d 783. An appellate court does not weigh evidence, resolve its conflicts, or pass upon the credibility of witnesses. *Commonwealth v. Matteo,* 130 Pa. Superior Ct. 524, 197 A. 787. The weight to be given to testimony in a criminal case is for the jury. *Commonwealth v. Blauvelt,* 186 Pa. Superior Ct. 66, 140 A. 2d 463.

The fourth contention is that it was prejudicial for the district attorney to refer to one of the Commonwealth witnesses as having been a police officer for 23 years. The defense attempted to show that this officer prompted the victim in making identification of the accomplice, Shelbert. The officer denied this. His credibility therefore was directly in issue. Appellant cannot complain of the district attorney's remarks which were invited or provoked by the argument of the defense where such remarks were not excessive but justifiable replies. *Commonwealth v. McHugh,* 187 Pa. Superior Ct. 568, 145 A. 2d 896. Where the credibility of the police officer was impugned by the defense, it was proper for the district attorney to comment on the years of public service of this officer. Especially is this true when the officer had testified as to the length of his service on direct examination.

Lastly, appellant contends that his rights were infringed by the court and the district attorney in permitting a member of the State Police to sit at counsel table and assist the district attorney in the selection

of the jury. It does not appear just how his rights were infringed by such action. The officer was one of the principal witnesses for the prosecution and personally conducted the investigation in this case. The district attorney was entitled to use any information the officer could furnish in assisting him with the proper preparation and presentation of the case.

We fail to find merit in any of the contentions of the appellant. The verdict of the jury was based on sufficient competent evidence to justify its action and the motions in arrest of judgment and for a new trial were properly refused.

Judgment of sentence is affirmed.