**Commonwealth v. Keenan**

*Bernard J. Goodheart,* for Commonwealth.

*I. Raymond Kremer,* for defendant.

DOTY, J., May 24, 1962.—Defendant, Joseph A. Keenan, a licensed private detective, was indicted on the charge of blackmail in two bills of indictment (August sessions, 1961, nos. 33 and 34), and he was also charged with accepting bawd money (July sessions, 1961, no. 1255), pandering (July sessions, 1961, no. 1256), and prostitution and assignation (July sessions, 1961, no. 1257).

All charges were tried by the court sitting without a jury on January 15, 1962. The blackmail cases were tried first and, at the conclusion of the evidence, adjudication was deferred to give defense counsel an opportunity, which he requested, to submit a brief.

The cases involving bills no. 1255, 1256 and 1257 were then tried. At the completion of the Commonwealth's evidence, the court sustained a demurrer to the charge of accepting bawd money (bill no. 1255).

At the conclusion of all the testimony, the court found defendant guilty of pandering (bill no. 1256), and prostitution and assignation (bill no. 1257). At that point defense counsel advised the court that he

would not submit a brief in regard to the blackmail cases as he had earlier requested an opportunity to do, and he further stated, "If you would like to make an adjudication in that case (referring to the two blackmail cases) at this time, I have no objection." Thereupon, the trial judge found the defendant guilty on both bills charging blackmail.

Defendant filed a motion for a new trial and in arrest of judgment in regard to all charges on which he was found guilty. After the filing of briefs and oral argument, defendant's motion in arrest of judgment as to the blackmail bill no. 34 was granted.

We also have granted a new trial as to the charges of pandering and prostitution and assignation. However, in regard to those charges, one Dolores Duffy testified that defendant introduced her to a man called "Reds" and asked her to have sexual intercourse with him and that she would be paid for it. She further testified that defendant drove them to a hotel in West Philadelphia and she went inside with "Reds" and had sexual relations. Several days later defendant paid her $5 and told her it was for going out with "Reds". This evidence, if believed, is clearly sufficient to make out a prima facie case of pandering and prostitution, and for that reason we have denied defendant's motions in arrest of judgment in regard to those charges.

Therefore, there is presently before us defendant's motion for a new trial and in arrest of judgment on bill no. 33, which charges that "on or about March 12, 1960, in Philadelphia County, Joseph A. Keenan did orally attempt to intimidate, levy blackmail and extort money from one Daniel P. McAlaine." After a careful review of the facts and the law applicable to this case, we conclude that defendant's motions must be denied.

The Commonwealth's witness, McAlaine, testified that his first contact with defendant was in August,

1959, when he (McAlaine) was arrested on a charge of adultery. He testified that on the way to the court house defendant informed him, "We have plenty on you. We are going to get you on income tax." He further testified that from that point on threats and demands were made by defendant in telephone calls from defendant to him at his residence in Drexel Hill, Pennsylvania, or his office in Philadelphia. There were, he said, 15 to 17 calls from August 1, 1959, until March, 1960, which involved demands for money in return for which defendant promised he would not turn over certain tax information which he claimed to possess to the Internal Revenue Department, and would also return to McAlaine a certain diary which belonged to him. Specifically, McAlaine testified that on March 12, 1960, he received a call in his office in Philadelphia from defendant in which defendant demanded $2,000 and repeated his threats concerning disclosure to the Internal Revenue Service.

Considering first the motion in arrest of judgment, it is well settled that in disposing of such a motion the evidence and all inferences reasonably arising therefrom must be considered in the light most favorable to the Commonwealth, which has obtained a verdict: Commonwealth v. Boden, 399 Pa. 298 (1960); Commonwealth v. Brown, 184 Pa. Superior Ct. 494 (1957). When viewed in that light a motion in arrest of judgment cannot be granted.

The defense has argued in support of that motion that there is no proof that any crime was committed in Philadelphia County on March 12, 1960. The contention that this court lacked jurisdiction because no crime was committed in Philadelphia County was well taken as to bill no. 34, where the telephone call in question both originated and was received in another county. However, McAlaine definitely testified that the telephone call of March 12, 1960, was received by

him in his office in Philadelphia. Therefore, this court clearly had jurisdiction to try this case since the crime of blackmail may be prosecuted in the county either where the blackmail threat is initiated or received. See Commonwealth ex rel. Sickler v. Yaukey, 11 D. & C. 2d 11 (1956).

Defendant assigned several reasons in support of his motion for a new trial. First, he has contended that it was improper to consolidate the indictments for trial. There is no merit to this contention.

It has long been the well settled law of this Common-wealth that the consolidation of a number of indictments for trial of one or more defendants or a single trial of several indictments is within the sound discretion of the trial judge, which will not be reversed except for abuse. In Commonwealth v. Kloiber, 378 Pa. 412, 415 (1954), the present Chief Justice Bell stated:

"The trial Judge because of his position and for other obvious reasons has been given a discretion to determine whether a number of bills of indictment should be consolidated and tried together, and his exercise of discretion in such matters will not be reversed by an appellate Court unless there has been a manifest abuse of discretion . . ."

There was no prejudice to defendant because of consolidation. Jury trial was waived in this case and the court sat as both judge and jury to hear the evidence and render a verdict. Therefore, whatever prejudice might have resulted because of the possibility that a jury would be influenced by the testimony in one case in considering another case was eliminated. Moreover, the motion now before us concerns one of the blackmail cases which was heard first before the case involving the crimes of pandering and prostitution. As to those latter cases we have granted motions

for a new trial. However, as to this blackmail case which was heard first, and to which there was no motion for a severance, the trial judge was prepared to render an adjudication of guilty at the close of the evidence in this case, and refrained from doing so only because of defendant's counsel requesting an opportunity to file a brief. When that request was withdrawn later, the trial judge promptly rendered his adjudication of guilty. Therefore, the consolidation in no way prejudiced defendant in this partcular case.

Defendant's next contention is that two agents of the Internal Revenue Service should have been permitted to testify. According to the offer of proof made by defendant's counsel, these agents would have testified that in July or August, 1959, they met defendant who turned over to them certain documents pertaining to Daniel P. McAlaine, the Commonwealth's witness in the blackmail cases. This evidence was offered to negative the testimony of McAlaine that defendant threatened him with exposure to the Internal Revenue Service unless he paid defendant money to keep quiet.

An assistant United States attorney advised the court that the agents were prohibited from testifying because certain governmental regulations had not been complied with. The trial judge refused to permit the agents to testify. Such refusal was not error because the testimony of the agents obviously would have been irrelevant. The gravamen of the offense charged was that defendant attempted to intimidate, levy blackmail and extort money from McAlaine. Whether a blackmailer is in a position to carry out his threat in the event money is not paid is immaterial. Therefore, whether defendant had or had not turned over McAlaine's records to the Internal Revenue Service is of no moment and the agents' testimony would have been irrelevant to the issue being tried. It was not error to exclude such testimony.

Defendant was represented at trial by counsel other than the one who now represents him. His present attorney argues that defendant's trial counsel "indicated a marked inexperience in the conduct of a criminal trial to the severe prejudice of the defendant's rights." A more than sufficient answer to this contention is the statement of the United States Supreme Court in the case of House v. Mayo, 324 U. S. 42, 65 S. Ct. 517;

"It has never been construed to include a right to counsel sufficiently astute to present every defense which may possibly occur by hindsight to counsel subsequently employed and skillful enough to defend each issue in the manner which seems most effective to such subsequent counsel."

See also Commonwealth v. Hart, 403 Pa. 652, 662 (1961).

Furthermore, it is the right of defense counsel to present his case in a manner which he deems will be most advantageous to his client and, if errors of judgment arise which do not involve a denial of due process or a manifest injustice, a new trial will not be granted. See Commonwealth v. Terrizzi, 109 Pa. Superior Ct. 74 (1933) ; Commonwealth v. Tyson, 194 Pa. Superior Ct. 593, 598 (1961).

Were the law otherwise, there would be no end to the disposition of a criminal case since defendant could employ a continuous stream of counsel, each contending that his predecessor had not tried the case as well as it could have been tried. As was stated in Commonwealth v. Hart, supra, at page 663:

"We might well end discussion of this complaint here and dispose of it on the ground that the defendant made his choice and he must abide by it."

We have carefully considered all the points raised by defendant in support of all his motions and concluded

that no error was committed. The evidence amply supports the conviction of blackmail on bill no. 33.

Therefore, defendant's motions on bill no. 33 for a new trial and in arrest of judgment are denied.