UNITED STATES of America ex rel. Francis O'HALLORAN

v.

David N. MYERS, Superintendent, State Correctional Institution, Graterford, Pennsylvania.

Misc. No. 2912.

United States District Court
E. D. Pennsylvania.

July 19, 1965.

Francis O'Halloran, in pro. per.

Lawrence Goldberg, Philadelphia, Pa. (Court appointed), for relator.

James C. Crumlish, Jr., Dist. Atty. of Philadelphia County, Gordon Gelfond, Ass't. Dist. Atty., Philadelphia, Pa., Walter E. Alessandroni, Atty. Gen. of Commonwealth of Pennsylvania, Harrisburg, Pa., for respondent.

GRIM, District Judge.

Relator in 1951 was tried and convicted of several robberies for which he presently is incarcerated. In this habeas corpus petition, he asserts that his constitutional rights have been violated by the denial of the assistance of counsel at his preliminary hearings and pretrial arraignment and by the alleged inadequate assistance of counsel at his trial and post-trial proceedings.

Counsel for relator was appointed by this court and a hearing held at which relator was present, testified, and was assisted by counsel.

■ Although it does not appear that all presently available state remedies have been exhausted with regard to the issues raised in this petition,[1] no useful purpose will be served by permitting relator to burden [2] this court and the courts

---

1. Relator has filed a habeas corpus petition in the Common Pleas Court of Philadelphia asserting the same allegations as are made in the present petition. See C.P. 7 December Term, 1964, No. 1535. The Common Pleas Court dismissed that petition on January 5, 1965. The Superior Court affirmed that decision on April 9, 1965 (205 Pa.Super. 725, 208 A.2d 485) and a petition for allocatur to the Supreme Court of Pennsylvania was filed on April 30, 1965. No decision on this allocatur petition has been rendered as of the date of this opinion.

2. In addition to the action mentioned in footnote 1, relator has filed three other habeas corpus petitions in the Courts of Common Pleas of Philadelphia: (1) C. P. 4 September Term, 1952, No. 4100— petition dismissed July 15, 1953, aff'd Com. ex rel. O'Halloran v. Burke, 176 Pa. Super. 477, 107 A.2d 577 (1954), cert. denied 348 U.S. 921, 75 S.Ct. 309, 99 L. Ed. 722 (1955); (2) C.P. 3 March Term,

of the Commonwealth of Pennsylvania with more petitions containing the same allegations as are made in the present petition, particularly since it is clear that these allegations are without any constitutional merit. The doctrine of exhaustion of state remedies was devised to avoid "unseemly collisions by allowing the state courts first opportunity to review alleged state abuses of federal constitutional rights." United States ex rel. Drew v. Myers, 327 F.2d 174, 183 (3d Cir. 1964). However, it is never an "indignity to state processes" to hold that the particular allegations of state abuses are clearly without merit. See In re Thompson's Petition, 301 F.2d 659, 660 (3d Cir. 1962); Commonwealth of Pennsylvania ex rel. Craig v. Maroney, 348 F.2d 22 (3d Cir. June 30, 1965). Accordingly, the court will consider the merits of relator's allegations.

█ The records in this case are not clear as to whether or not relator was represented by counsel at his preliminary hearings or at his pre-trial arraignment. However, lack of counsel at these stages of criminal proceedings constitutes a denial of constitutional rights only if under the circumstances of the case the preliminary hearings and pre-trial arraignment can be considered a "critical" stage in the criminal proceedings, i. e. a point where the rights of the defendant must be preserved or irretrievably lost. White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963); Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961).

1955, No. 7839—petition dismissed June 28, 1955; (3) C.P. 7 December Term, 1955, No. 1346—petition denied Dec. 22, 1955. No "assistance of counsel" allegations appear in the record of these cases. Relator has also filed a petition with the Supreme Court of Pennsylvania invoking that court's discretionary original jurisdiction in habeas corpus matters. That petition does contain "assistance of counsel" allegations. The Supreme Court of Pennsylvania denied this petition without opinion on December 10, 1963 (No. 58 on Misc.Docket No. 13).

In this federal court, relator has previously filed five habeas corpus petitions,

█ In the present case nothing that transpired at relator's preliminary hearings was introduced into evidence against him at his trial. Moreover relator testified that he pleaded not guilty at his pre-trial arraignment. In these circumstances, and considering the nature of a Pennsylvania preliminary hearing and pre-trial arraignment, it cannot be said that the lack of counsel at these stages of the proceedings deprived relator of any 14th Amendment right. See United States ex rel. Maisenhelder v. Rundle, 229 F.Supp. 506 (E.D.Pa.1964); United States ex rel. Parker v. Myers, 233 F. Supp. 563 (E.D.Pa.1964), aff'd 341 F.2d 303 (3d Cir. 1965).

Relator's second group of allegations to the effect that he was denied adequate assistance of counsel by his court-appointed attorney at his trial and post-trial proceedings are likewise without merit.

Specifically, relator complains that (1) his court-appointed attorney did not communicate with him prior to the trial, (2) made no voir dire challenges of prospective jurors, (3) entered a plea of guilty on his behalf without consent, (4) submitted no points for charge to the court, (5) made no oral argument nor submitted any brief on relator's motion for a new trial and (6) failed to appeal relator's conviction to the appellate courts of Pennsylvania.

The first allegation is patently incorrect; at a prior state habeas corpus hearing relator himself testified that he talked to his attorney at the County Prison at least once before his trial.[3]

(Misc. Nos. 1648, 1681, 1712, 1753 and 2521) all of which have been denied. The decision of this court denying relator's last petition was affirmed by the Court of Appeals for the Third Circuit, 330 F. 2d 352 (3d Cir. 1964) and a writ of certiorari was denied by the United States Supreme Court, 379 U.S. 947, 85 S.Ct. 442, 13 L.Ed.2d 544 (1964).

3. See Transcript of Official Stenographer's Record in Comm. ex rel., O'Halloran v. Burke, C.P. 4 September Term, 1952, No. 4100 at p. 8.

With regard to the unconsented guilty plea allegation, an examination of the trial transcript and the prior habeas corpus records clearly demonstrates that relator admitted committing one of the three robberies for which he stood trial, but denied that he had a weapon. Accordingly, he agreed to enter a plea of guilty to simple robbery. However, in fact, the guilty plea was entered on a plea of guilty to armed robbery. The mistake was almost immediately discovered by defense counsel, relator was allowed to withdraw his guilty plea and the trial proceeded with a not guilty plea entered for relator as to all the robbery indictments.

██ The record is silent as to whether defense counsel challenged any of the prospective jurors on voir dire or submitted any points for charge to the court. However, I know of no constitutional requirement that such be done in every trial and relator has failed to demonstrate any prejudice to his case assuming that these actions were in fact not taken by defense counsel.

The record of relator's prior state habeas corpus petition, however, does demonstrate that defense counsel vigorously argued the motion for a new trial on relator's behalf.[4] Relator's contentions to the contrary are unworthy of belief.

Finally, relator has failed to demonstrate or even allege that he ever requested the assistance of counsel to appeal his conviction. Nor is there any indication in the record that relator was unaware of his right to appeal or that defense counsel failed to advise him of his right.

██ In view of these circumstances, it cannot be said that relator has been denied the adequate assistance of counsel guaranteed to him by the Constitution. The test of constitutional deprivation arising from inadequate assistance of counsel is "representation so lacking in competence that it becomes the duty of the court or the prosecution to observe it and correct it." In re Ernst's Petition, 294 F.2d 556, 558 (3d Cir. 1961). Upon review of the entire transcript of relator's trial, it cannot be said that relator has met his burden in this proceeding of showing that he was denied adequate assistance of counsel.

Writ denied.

---

4. Defense counsel testified at the prior habeas corpus hearing:
   "I want to say, sir, that one of the reasons why I filed it on every possible technical ground that I could think of was for my own protection, frankly. At the time I argued the motion I argued it on every ground that I could, and then asked O'Halloran if he had any further grounds on which he wished to argue. I don't recall whether he did make any further statement." Transcript of Official Stenographer's Record in Comm. ex rel. O'Halloran v. Burke, C.P. 4 September Term, 1952, No. 4100 at p. 36.