## Commonwealth v. Frankhouser

*R. Lee Ziegler*, for Commonwealth.

*Larry F. Knepp*, for defendant.

LEHMAN, P. J., March 30, 1967.—Defendant was tried and convicted by a jury of statutory rape of a 15 year-old girl. He was represented by counsel of his own choosing. He has filed a petition under the Post Conviction Hearing Act, approved January 25, 1966, P. L. (1965) 1580, 19 PS §1180-1, et seq., requesting release from custody or a new trial. Pursuant to his representation that he does not now have a lawyer and is without financial means to employ one, we appointed an attorney to represent him in this proceeding.

Defendant complains that he did not receive a fair trial, because his lawyer, who defended him at the trial, failed to advise him that evidence of bad repute of the female child victim could serve as a defense to the charge of statutory rape and reduce the offense to that of fornication and failed to move for a continuance by reason of the illness of one of defendant's material witnesses. Defendant further avers that the Commonwealth failed to prosecute another man who allegedly was guilty of a similar offense with a female companion of defendant's alleged victim.

After argument on defendant's petition and the responsive answer filed by the district attorney, we granted a hearing. At said hearing, counsel for defendant called the attorney who had represented de-

fendant at the jury trial and he testified he could not say if he did or did not advise his client of the bad repute defense but, in any event, he, as counsel, knew at the time of the statute which could reduce the offense to fornication upon showing that the victim had a bad repute and that he investigated the case with this in mind but because there were strong emotional feelings in the area in which the alleged victim lived, the people were frightened and did not wish to discuss the case.

Mildred Sweitzer testified at the post conviction hearing that she had been subpoenaed on behalf of defendant on the morning his trial began, that she was ill and unable to appear in court and that had she been physically able to appear she would have been able to testify the alleged victim had a bad reputation. Two other witnesses testified that had they been requested to appear at the trial, they would have appeared and would have testified to the girl's bad reputation. Defendant testified his counsel had not advised him of the defense of bad repute, that he first learned of the possibility of this defense after his being sent to the State Correctional Institution at Huntingdon where he read it in a law book, and that he requested his counsel to ask for a continuance when it was learned Mildred Sweitzer was ill and unable to testify but that his counsel ignored his plea.

His trial counsel testified he had no recollection of his client having asked him to seek a postponement of the trial and that he had not requested a continuance.

At the conclusion of the post conviction hearing, the district attorney moved to strike the testimony of Mildred Sweitzer and the two other witnesses who testified to the bad repute of the girl on the ground that the petition for relief gave no notice that such testimony would be offered. We refused this motion because it was not only necessary for defendant in his

post conviction hearing to prove the allegations made in his petition but it naturally follows that it was necessary for him to establish he was able to prove at the time of his trial that the girl had a bad reputation.

We are satisfied that defendant's trial counsel correctly knew at the time he was preparing the case for trial that the law provided that if the jury were to find the alleged victim was not of good repute and that the carnal knowledge was with her consent, the defendant should be acquitted of rape and be convicted of fornication: The Penal Code of June 24, 1939, P. L. 872, sec. 721, 18 PS §4721. We are also of the opinion that defendant did not know of this defense at the time of his trial, and that had be known, he would have had several witnesses in court who would have testified to the girl's bad repute. We are satisfied that his counsel did not know that such witnesses were available.

The question before us is whether defendant is entitled to post conviction relief where he did not know and his retained counsel failed to advise him of a defense specifically provided by the section of The Penal Code under which he was indicted and where it is established to the satisfaction of the court at his post conviction hearing that testimony in support of such defense was available to defendant at the time of his trial but its availability was not known by his counsel.

It was not the duty of the justice of the peace who provided defendant with his preliminary hearing nor was it the duty of the court to read the applicable section of The Penal Code to defendant. Defendant and his counsel signed the usual waiver of arraignment. It, therefore, became defendant counsel's duty to explain the offense and its statutory defense to his client, especially in the instant case, where testimony of bad repute was available.

A petitioner has the burden to prove his contention that he was denied benefit of effective counsel in a felony prosecution by testimony that is clear, precise and convincing: Commonwealth ex rel. Spensky v. Maroney, 208 Pa. Superior Ct. 301, 222 A. 2d 480. Trial strategy and conduct of the defense in general are matters which must be left largely to the judgment of trial counsel: 10 P.L.Encyc., Criminal Law, §419, Commonwealth v. Truitt, 169 Pa. Superior Ct. 326, 82 A. 2d 699, reversed on other grounds, 369 Pa. 72, 85 A. 2d 425. Defense counsel has the right and duty to present case in manner which he deems most advantageous to client: Commonwealth v. Tyson, 194 Pa. Superior Ct. 593, 168 A. 2d 785, cert. den. 368 U. S. 977, 82 S. Ct. 481, 7 L. Ed. 2d 439. Right of accused to counsel and effective assistance of counsel does not vest accused with absolute privilege of retroactively assessing quality of his counsel's trial representation against his present feeling as to what might have been better strategy: Commonwealth ex rel. Davis v. Maroney, 206 Pa. Superior Ct. 68, 210 A. 2d 920; Commonwealth ex rel. LaRue v. Rundle, 417 Pa. 383, 207 A. 2d 829.

To warrant the granting of a new trial "on the ground of incompetence of counsel of defendant's own choice, the representation must be so lacking in competence that it becomes the duty of the court or prosecution to intervene, and it must be such that the circumstances surrounding the trial shock the conscience of the court and make the proceedings a farce and a mockery of justice": Commonwealth ex rel. Dion v. Tees, 180 Pa. Superior Ct. 82, 118 A. 2d 756, cert. den. 351 U. S. 914, 76 S. Ct. 705, 100 L. Ed. 1447; Commonwealth ex rel. Crosby v. Rundle, 415 Pa. 81, 202 A. 2d 299, cert. den. 379 U. S. 976, 85 S. Ct. 677, 18 L. Ed. 2d 567; U. S. ex rel. O'Halloran v. Myers, 244 F. Supp. 169.

Failure of counsel to apprise his client of the defense of bad repute, where it is clear that such evidence was available to defendant at the time of his trial, cannot be classed as trial strategy because it is abundantly certain that counsel would have used such evidence had he known it was available. Counsel testified he endeavored to obtain such testimony. This is not the situation where counsel has a choice of procedures but where both he and his client were deprived at time of trial of a very important statutory defense. Defendant did not know the law provided such a defense and his counsel did not know testimony was available in support of same.

While the generally prevailing rule is that knowledge of counsel may be imputed to defendant, there are recognized exceptions: Commonwealth ex rel. West v. Myers, 423 Pa. 1, 222 A. 2d 918; Commonwealth ex rel. Hilberry v. Maroney, 417 Pa. 534, 207 A. 2d 794. Defense counsel's knowledge of this statutory defense and his failure to advise defendant of same where evidence in support thereof was readily available at trial should not be imputed to defendant. To hold otherwise, in retrospect, would shock the conscience of the court and make the proceedings a farce and a mockery of justice. We believe defendant is entitled to have the testimony of Mildred Sweitzer and the other two witnesses presented to a jury on the matter of alleged bad repute of the girl.

We are well aware of the dangers involved were we to categorically hold that a convicted defendant is entitled to a new trial where his counsel has failed to advise him of possible defenses, such as alibi, insanity, self-defense, intoxication, and the like. Many of these defenses are self-evident and naturally flow from an account of the alleged offense. It is not necessarily so with the defense of bad repute in a statutory rape case. Because of the seriousness of the offense the

legislature saw fit to specifically provide for a reduction of the offense to fornication where certain facts exist. The bad repute of the alleged victim may be a matter far removed from the description of the incident.

A new trial was granted by the trial judge in a somewhat analogous situation where defendant was misinformed by his counsel as to the consequences of taking the stand to deny the charges against him and as a result of counsel's strong urging that he not take the stand, defendant "reluctantly" did not do so. After defendant's conviction, it was ascertained that counsel's belief that certain illegally obtained statements could be used against defendant in rebuttal was erroneous. The trial judge held that because defendant "was not properly and fully informed of the state of the law", he could make "no meaningful decision" on whether to testify and that "(u)nquestionably, if (he) had been informed of the applicable law, he would have testified in his own behalf. The failure to inform petitioner of the applicable law deprived him of a fair trial": Poe v. United States, 233 F. Supp. 173 at 178, affirmed, 352 F. 2d 639, 122 U. S. App. D.C. 163.

Furthermore when counsel for defendant learned of the unavailability of a material witness by reason of illness, he should have requested a continuance. Whether we would have granted same is not necessary for us to decide at this point.

Defendant's allegations as to the failure of the prosecution to present Hoffman, a person supposedly accompanying defendant at the time of the alleged offense, and to prosecute said Hoffman for any offenses which he committed are without merit as to defendant's rights in his trial.

Justice demands that defendant be granted a new trial in order to avail himself of the defense which would mitigate the offense with which he is charged

and to allow him to present to his peers trying him all witnesses from whom the truth might be elicited.

ORDER

And now, this March 30, 1967, it is ordered and decreed that defendant's motion for a new trial be and the same is hereby sustained.

Exception is noted to R. Lee Ziegler, Esq., District Attorney for the County of Mifflin.